179 So. 837

**STATE v. CUPIT.**

No. 34737.

March 7, 1938.

Harry K. Murray, of Vicksburg, Miss., for appellant.

Gaston L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., and Jeff B. Snyder, Dist. Atty., of Tallulah, and Philip Watson, Asst. Dist. Atty., of St. Joseph, for the State.

ROGERS, Justice.

The defendant, Joe Cupit, was convicted on a charge of assault with intent to commit rape, and was sentenced to imprisonment in the penitentiary for a term of three to six years. Defendant appeals. His complaint is that the trial judge erred in admitting, over his objection, certain testimony offered by the State as showing, or as tending to show, the particular criminal intent necessary to constitute the crime charged.

The record discloses that the fourteen year old girl whom defendant is charged with assaulting with intent to commit rape is defendant's niece, his sister's child; that defendant had raped her sister, another niece, some years before this attempt; and that defendant had been arrested in the parish of West Carroll, on affidavit of the husband of another of defendant's sisters, on the charge of having raped her small daughter, another of defendant's nieces. All the parties involved in the case are white people of the tenant farmer class.

The prosecutrix testified that her uncle, the defendant, came to her mother's home on the Tensas river, in a thinly settled section of the parish, about noon on Sunday, and inquired for her mother, his sister; that the witness, who had been left in charge of the home and three younger children, told him her mother had gone to a house some two miles distant for the purpose of going to work the next morning and would not return home until Monday evening. That the defendant left the place but returned some time after midnight, broke in the door, which was fastened with only a latch string, caught her by the shoulder, pulled her towards him and said: "I am going to sleep with you tonight." That she broke away from him and ran into another room, and that defendant repeatedly called to her "to come back here" and finally declared, "I am coming after you." The prosecutrix then ran out of the house, down to the Tensas river, got in a skiff, crossed the river about 2 o'clock in the morning, ran to a neighbor's home about 200 yards away, and told him what had happened. The neighbor accompanied the prosecutrix to her home, and when they arrived there, the defendant, Cupit, went away.

After this testimony was given, the district attorney asked the witness whether her sister, naming her, had ever told her what their Uncle Joe Cupit had done to her some years before the alleged offense of defendant. The question was objected to, on the ground that it was irrelevant and the time too remote. The court overruled the objection, and the witness testified that she had been told by her sister, naming her, that Joe Cupit, the defendant had raped her, the sister, eight years before, and that her sister had told her about this about two or three years before the trial in this case.

The sister in question, now nineteen years old, testified that in the year 1927 her Uncle Joe Cupit, the defendant, had raped her, she being then about eleven years of age, and that she had told her sister, the prosecutrix, about the matter about two or three years ago. This testimony was admitted over defendant's objection that defendant never had been convicted of or charged with this separate offense, and that testimony of a remote and unrelated crime was inadmissible.

It further appears from the record that Joe Cupit, the defendant, on cross-examination, admitted without objection that about two years previously he had been arrested in West Carroll parish on a charge of having raped another niece and giving her "a bad disease." However, Cupit was subsequently released without any further action being taken in the case.

▆▆▆ As a general rule, it is incompetent for the State, in a criminal prosecution, to prove that the defendant at some other time committed an offense similar to the one with which he stands charged. This rule, however, is subject to certain exceptions. One of the exceptions is where it is necessary for the State to show guilty knowledge and the intent and purpose with which the particular act was done.

Evidence of similar and independent crimes is often relative to show the presence

of some specific intent. Underhill's Crim. Ev., 4th Ed., § 350, p. 521.

■ Evidence of other crimes similar to that charged is relevant and admissible when it shows or tends to show a particular criminal intent which is necessary to constitute the crime charged. Any fact which proves or tends to prove the particular intent is competent, and cannot be excluded because it incidentally proves an independent crime. 16 C.J. Criminal Law, § 1137, p. 589.

This court has recognized the principle that where the element of intent is regarded as an essential ingredient of the crime charged, it is proper to admit proof of similar but disconnected crimes to show the intent with which the act charged was committed. State v. Cole, 161 La. 827, 109 So. 505, and authorities cited.

■ The element of intent is an essential ingredient of the crime of assault with intent to commit rape, and the particular intent with which the assault is made may be shown by proof of any facts or circumstances tending to establish such intent. 52 C.J., Rape, § 85, p. 1058.

■ Where intent and motive are in issue in sexual crimes, former acts of the same kind are relative to show intent and to negative the issue that another or different crime was contemplated than that charged. Thus, in rape, circumstantial evidence showing prior acts is relative where the prior acts are so connected with the particular crime at issue that proof of one fact with its circumstances has some bearing upon the issue on trial as showing intent. Such evidence has a peculiar relevancy where the charge is assault with intent to commit rape, as in this case the act need not be limited to the person assaulted, for it is the general purpose that is involved in the assault, and no particular person is essential to show such purpose and motive, and such evidence is relative to show the lustful intent. Wharton's Crim. Ev., 11th Ed., Vol. 1, § 252, p. 298.

■ We think the evidence of defendant's prior commission of the crime of rape upon his two other nieces, which was necessarily preceded by an assault, was relative to show his intent in committing the particular act with which he is charged in this case. The prior offenses, if the jury believed they were committed, clearly tended to show the lustful disposition the defendant bore towards his nieces, and his unnatural desire to have sexual intercourse with them; all his nieces being children of tender age.

It is true there is a considerable separation of time between the commission of the offense charged in this case and the commission of the prior offenses, but that fact of itself is not sufficient to exclude the evidence of the prior offenses. All the offenses are not only similar, but also they are so related in kind that the evidence of the prior offenses clearly served to illustrate the question of defendant's intent as to the present offense.

■ While, for evidence thereof to be admissible to show intent, the similar offenses must be so related in kind to the

one in question as to illustrate the question of intent, and must have been done sufficiently near, in point of time, to the act charged as to fairly throw some light on the question of intent, the period of time within which other crimes offered to show the intent must have occurred is largely within the discretion of the trial court. 16 C.J., Criminal Law, § 1137, p. 590.

■ Where the intent is material, the acts, declarations, and conduct of the accused are relative to show that intent. Hence, evidence of collateral offenses is admissible on the trial of the main charge to prove intent. To be admissible as relative such offenses need not be exactly concurrent. If they are committed within such time or show such relation to the main charge as to make connection obvious, such offenses are admissible to show intent. Wharton's Crim. Ev., 11th Ed., Vol. 1, § 350, p. 520.

■ Under the circumstances of this case, the difference in time between the offenses is more appropriate to the weight of the evidence than to its admissibility. And, since no objection was raised to the charge, we assume that the trial judge properly instructed the jury as to the effect to be given to this evidence, explaining fully that it should only be considered on the question of defendant's intent in doing the acts complained of, if he did them.

■ In view of the admissibility of the testimony of defendant's prior offenses of a kindred nature, which was elicited from a sister of the prosecutrix and from defendant himself, we do not see how defendant

was injured by the admission of the testimony of the prosecutrix that she had been told by her sister that defendant had raped her some years before.

For the reasons assigned, the conviction and sentence appealed from are affirmed.

O'NIELL, C. J., is of the opinion that the testimony as to what the prosecuting witness was told by her sister was objectionable on the ground that it was hearsay evidence, but the Chief Justice concurs in the decree, affirming the conviction and sentence, because the testimony was not objected to on that ground, and because, from all of the facts of the case, it appears that no injustice was done by the overruling of the objection that was made.