IzKUHN, Judge.
The defendant, Bailey Miller, Jr., was charged by bill of information with two counts of molestation of a juvenile over whom he had control or supervision, in violation of La. R.S. 14:81.2 C. He pled not guilty. After a hearing on November 4, 1996, the trial court granted the State’s Prieur motion. The defendant applied for supervisory writs with this Court. On February 24, 1997, this Court denied the defendant’s writ application. State v. Miller, No. 97 KW 0037. The defendant then applied for supervisory writs with the Louisiana Supreme Court. On June *1280 30, 1997, the Louisiana Supreme Court granted the writ application and remanded the matter to this Court for briefing, argument and opinion. State v. Miller, 97-0772 (La.6/30/97), 696 So.2d 997.
The defendant contends that the trial court erred in granting the State’s Prieur motion. The Prieur evidence at issue herein is a sexually suggestive statement allegedly made by the defendant at a barbecue in May of 1996. Specifically, the defendant argues that this statement is not admissible as modus operandi or a signature crime and that, even if relevant, the prejudicial effect of the statement outweighs its probative value.
Generally, evidence of other acts of misconduct is not admissible. However, there are statutory and jurisprudential exceptions to this rule. State v. Jackson, 625 So.2d 146, 148 (La.1993). For example, La. C.E. art. 404B(1) provides:
Except as provided in Article 412 [addressing the victim’s past sexual behavior in sexual assault eases], evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.
The threshold inquiry a court must make before admitting similar acts evidence under this rule is whether that evidence is probative of a material issue other than character. See Huddleston v. United States, 485 U.S. 681, 686, 108 S.Ct. 1496, 1499, 99 L.Ed.2d 77113(1988). Additionally, the State must comply with the notice requirements and limiting instructions set out in State v. Prieur, 277 So.2d 126 (La.1973), must show that the other acts satisfy one of the requirements listed in La. C.E. art. 404B(1), and must show that the probative value of the evidence outweighs its prejudicial effect. State v. Jackson, 625 So.2d at 149. The evidence of other acts is admissible at trial if there is sufficient evidence to allow a jury to find that the defendant committed the similar act. See Huddleston v. United States, 485 U.S. 681, 685, 108 S.Ct. 1496, 1499, 99 L.Ed.2d 771.
At the Prieur hearing, Debra Humbles testified that she and her boyfriend, Kevin Westmore, had a barbecue in May of 1996. The defendant and his wife attended the barbecue. Ms. Humbles testified that her boyfriend overheard the defendant make a sexually suggestive statement to her eight year old daughter. A seven year old female cousin also was present when the defendant made the statement. Ms. Humbles indicated that her boyfriend reprimanded the defendant after overhearing the statement, and shortly thereafter the defendant and his wife returned home. According to Ms. Humbles, her boyfriend told her that the defendant “told my little girl that he saw her in his bedroom in his bed, lying on the bed with no clothes on, with her arms open and her legs spread open.”[1] Ms. Humbles stated that her daughter’s reply to the defendant was: “No, you didn’t. You didn’t, you didn’t see me.” According to Ms. Humbles, her daughter “totally denied it.” At the conclusion of the Prieur hearing, the trial court granted the motion and ruled that evidence of the defendant’s statement would be admissible at trial because “[i]t may show a predisposition to molest young girls and maybe that’s his modus operandi of getting them in there, is to start, start talking to them about it.”
We have reviewed the evidence introduced at the Prieur hearing and find no error in the trial court’s ruling that evidence of the defendant’s sexually suggestive statement to an eight year old female (in the presence of another female age seven) should be admissible at Rthe trial. Apparently, the instant *1281 victims are two young relatives who were approximately eleven and eight years old when allegedly molested by the defendant about three years prior to the statement at issue herein. The defendant allegedly molested them while babysitting at his home. The defendant’s statement to Ms. Humbles’ daughter referred to her being naked in his bedroom. Ms. Humbles’ daughter and niece were approximately the same age as one of the two victims involved in the present case.
Contrary to the defendant’s assertion, we do not find the trial court’s use of the term modus operandi to mean that the defendant’s conduct was so unique that it constituted a signature crime. Instead, as the court explained in its ruling, the defendant may first talk sexually to young girls who are his potential victims before he initiates any physical contact. Thus, as the trial court correctly observed, it may establish a predisposition to molest young girls. See State v. Jackson, 625 So.2d 146, 150 (La.1993). (Such evidence is relevant to establish a “lustful disposition” toward young females). Evidence of this statement is admissible to establish intent, preparation, plan, knowledge, and possibly opportunity and/or absence of mistake or accident.
While we recognize the prejudicial effect of the evidence at issue, we also find the statements of the defendant to be probative. We conclude the probative value/prejudicial balance tips in favor of inclusion of the evidence. Accordingly, evidence of the defendant’s statement shall be properly admissible at the instant trial. We hereby affirm the trial court’s ruling granting the State’s Pri-eur motion.
RULING AFFIRMED.

. We recognize that in response to defense counsel’s objections regarding the hearsay nature of the testimony, the trial court noted that the evidence would have to be presented at trial through the testimony of Kevin Westmore or other “proper witnesses.”