718 So.2d 960 (1998)
STATE of Louisiana
v.
Bailey MILLER, Jr.
No. 98-KK-0301.
Supreme Court of Louisiana.
September 9, 1998.
Concurring Opinion October 20, 1998.
*961 Marcie S. Dejean, Sean Jackson, Baton Rouge, for Applicant.
Richard P. Ieyoub, Atty. Gen., Douglas P. Moreau, Dist. Atty., Monisa L. Thompson, Jennifer L. Pate, Baton Rouge, for Respondent.
Concurring Opinion of Chief Justice Calogero October 20, 1998.
VICTORY, Justice.[*]
We granted this writ to determine whether evidence of a prurient statement made by the defendant to a young girl is admissible as an "other crime or wrong" in his trial for molestation of a juvenile where the young girl is not the victim of the crimes charged and is not related to the defendant, and where the "wrong" is less serious than the offenses charged.

FACTS AND PROCEDURAL HISTORY
Defendant is charged with two counts of molestation of a juvenile in violation of La. R.S. 14:81.2 C.[1] Specifically, the defendant is accused of molesting his two nieces while he baby-sat them at his residence between November 20, 1994 and December 25, 1994. One niece, who was 11 at the time, told her mother the defendant entered his bedroom where she was watching television, started rubbing her back, and then placed his finger in her vagina. Despite her repeated efforts to get away from him, the molestation continued for ten to fifteen minutes and ended only when the defendant's wife came home. The other niece, who was eight at the time, told her mother she was watching television when the defendant rubbed her back and her buttocks.
A bill of information was filed, and the state notified defendant it intended to introduce evidence that in May of 1996 defendant was overheard telling his neighbor's eight-year-old daughter at a barbeque that he had seen her in his bedroom naked "with her legs open and her arms open."[2] Following a hearing, the trial court ruled the evidence was admissible to show "a predisposition to molest young girls and maybe that's [the defendant's] modus operandi of getting them in there, is to start, start talking to them about it."
The defendant's request for supervisory writs from the First Circuit was denied. State v. Miller, 97-0037 (La.App. 1st Cir. 2/24/97). On June 30, 1997, this court granted the defendant's writ application and remanded the matter to the court of appeal for briefing, argument and opinion. State v. Miller, 97-0772 (La.6/30/97), 696 So.2d 997. The court of appeal affirmed the trial court's ruling, finding the statement may "establish a predisposition to molest young girls" and was admissible "to establish intent, preparation, plan, knowledge, and possibly opportunity and/or absence of mistake or accident." State v. Miller, 97-0037, p. 2 (La.App. 1st Cir. 12/29/97), 704 So.2d 1279, 1281. We granted a writ to consider the corectness of *962 this ruling. State v. Miller, 98-0301 (La.3/27/98), 716 So.2d 366.

DISCUSSION

General Rules for Admissibility
Article 404(B) of the Louisiana Code of Evidence provides the basic rule regarding the use of evidence of "other crimes, wrongs or acts" at trial. It states in pertinent part:
(1) Except as provided in Article 412 [regarding a victim's past sexual behavior in sexual assault cases], evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident.
Several other statutory and jurisprudential rules also play a role in determining the admissibility of such evidence. First, one of the factors listed in Article 404(B) "must be at issue, have some independent relevance, or be an element of the crime charged in order for the evidence to be admissible." State v. Jackson, 625 So.2d 146, 149 (La.1993). Second, the state is required to prove the defendant committed these other acts by clear and convincing evidence. Id.; State v. Davis, 449 So.2d 466 (La.1984). Third, even if independently relevant, the evidence may be excluded if its probative value is substantially outweighed by the dangers of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time. La. C.E. art. 403. Finally, the requirements set forth in State v. Prieur, 277 So.2d 126 (La.1973) must be met. Thereunder, the state must, within a reasonable time before trial, provide written notice of its intent to use other acts or crimes evidence and describe these acts in sufficient detail. The state must show the evidence is neither repetitive nor cumulative, and is not being introduced to show the defendant is of bad character. Further, the court must, at the request of the defendant, offer a limiting instruction to the jury at the time the evidence is introduced. The court must also charge the jury at the close of the trial that the other crimes evidence serves a limited purpose and that the defendant cannot be convicted for any crime other than the one charged or any offense responsive to it.
Child sexual abuse cases raise special concerns for the judicial system not present in other criminal cases. Frequently, in cases involving the sexual abuse of children, the offense takes place in secret, the victim is young, vulnerable, and reluctant to testify, and there is often no physical or other evidence the abuse took place. As a result, special laws and rules have been passed to address the unique concerns presented in these types of cases.[3] In further recognition of the need to treat child sexual abuse cases specially, some jurisdictions admit evidence of uncharged misconduct to show "lustful disposition" or "depraved sexual instinct" in cases involving sex crimes against children.[4] *963 Other courts have allowed the introduction of such evidence for purposes more traditionally associated with Article 404(B), e.g., to establish a plan, motive, scheme, or design or to show intent.[5] Indeed, Fed.R.Evid. 413 was recently amended to expressly allow the admission of other offenses of sexual assault by the defendant "for its bearing on any matter to which it is relevant."[6]

Louisiana Jurisprudence
Louisiana has followed the national trend towards broader admissibility of other crimes evidence in cases involving alleged sexual abuse of minor children. Pugh, Handbook on Louisiana Evidence Law 1996, 284. This court first recognized the "lustful disposition" exception in State v. Cupit, where the defendant was charged with assault with intent to commit rape of his young niece. 189 La. 509, 179 So. 837 (1938). The state presented evidence the defendant had raped another niece and had been charged with the rape of yet another niece. This court held the evidence was admissible in that the "prior offenses... clearly tended to show the lustful disposition the defendant bore towards his nieces, and his unnatural desire to have sexual intercourse with them; all of his nieces being children of tender age." 189 La. at 516, 179 So. at 839.
In State v. Acliese, this court ruled the introduction of other acts of sexual abuse involving the same victim in order to show the defendant's lustful disposition towards that victim was permissible. 403 So.2d 665 (La.1981). In Acliese, we noted that "nearly all courts permit evidence of other sex offenses which involve the same person as the offense on trial, the theory being that the evidence shows the defendant's lustful attitude toward that person." Id. at 668 (quoting Underhill's Criminal Evidence, 6th Edition, Vol. 1, Section 212 at p. 647). Although Acliese did not address the introduction of evidence of other crimes or wrongs committed against a victim other than the prosecutrix, the language used in Acliese strongly implied the admissibility of such evidence should be limited to other acts against the victims of the charged offenses. That this was the intent of the court appears to have been made clear in State v. Bailey, 588 So.2d 90 (La.1991) and State v. Jamison, 617 So.2d 480 (La.1993). In Bailey, the trial court had *964 ruled the state would be allowed to present evidence of sexual abuse involving not only the three victims of the underlying offense but also testimony of two other girls who were not involved in the instant charges. This court granted the defendant's writ application and reversed that part of the trial court's ruling which allowed the testimony of the two girls, noting their "testimony does not establish the defendant's particular motive for committing the charged crime against the prosecutrix" and "fails to establish a pattern of committing sexual offenses against the same prosecutrix." 588 So.2d at 90. Likewise, in State v. Jamison, this court ruled the trial court should not have admitted "other crimes" evidence of molestations of persons other than the victim of the charged offenses; however, the court allowed the admission of "other crimes" evidence involving defendant's daughter and stepdaughter, the victims of the charged offenses.
Our latest pronouncement on the issue of the admissibility of other crimes evidence in child sexual abuse cases was in the 1993 case of State v. Jackson, 625 So.2d 146 (1993). In Jackson, the defendant was charged with molesting his seven-and ten-year-old granddaughters in violation of La. R.S. 14:81.2. The victims alleged the defendant had kissed them and fondled their breasts and buttocks. The state sought to introduce the testimony of the defendant's adult daughters that the defendant had also sexually molested them 15 to 24 years earlier. The daughters testified at the Prieur hearing that the defendant intimately kissed them and touched their private parts, just as he had with the granddaughters in the instant case. In addition, one daughter testified the defendant had sexual intercourse with her on numerous occasions, and another testified the defendant exposed himself to her.
After finding that molestation of a juvenile was a specific intent crime, in that the state would have to prove the defendant had the intention of arousing or gratifying the sexual desires of either himself or the victims, we noted that "where the element of intent is regarded as an essential ingredient of the crime charged, it is proper to admit proof of similar but disconnected crimes to show the intent with which the act charged was committed." 625 So.2d 146, 150 (quoting State v. Cupit, supra, 179 So. at 839). Accordingly, this court, implicitly overruling Bailey and Jamison, held in Jackson that "the evidence of other crimes committed by defendant [against victims other than the prosecutrix] will be useful in proving that the defendant did not act innocently, and will negate any defense that he acted without intent or that the acts were accidental."[7]Jackson, 625 So.2d at 150.
After finding the evidence admissible under La. C.E. art. 404(B)(1), we next turned to the issue of whether the probative value of the other crimes evidence outweighed its prejudicial effect under La. C.E. art. 403. In response to defendant's argument that the evidence was not relevant and was too prejudicial because of the 24-year time lapse between the other crimes evidence and the instant offense, this court held that "[w]hile there must be some connexity between the crime charged and the other acts or crimes, the mere passage of time will not necessarily defeat admissibility." Jackson, 625 So.2d at 151. Rather, remoteness in time was only a factor in balancing probative value against prejudicial effect. Although we noted the defendant would be somewhat prejudiced by the admissibility of this evidence by having to defend against allegations of actions occurring 15 to 24 years earlier, because the daughters had testified with particularity as to the other crimes and because they were family members of the defendant, the prejudicial effect was lessened. "[T]he defendant is well acquainted with the persons accusing him of other crimes and will be in a position to point out credibility problems and/or ulterior motives. He will also be better able to explain his alleged actions than if the accuser were a stranger or even a third party known to him." Jackson, 625 So.2d at 152.
Lastly, we held that the part of the daughters' testimony that involved more serious *965 criminal charges than those involved in the instant case, that the defendant had raped one daughter, had exposed himself to another, and had fondled the daughters' vaginas, were too dissimilar from the charged crimes, unduly prejudicial, and thus inadmissible.
As this court did in Jackson, courts of appeal have consistently affirmed the admission of evidence showing that a defendant had previously sexually molested a relative of the defendant[8] Furthermore, although this is the first time this court has squarely confronted the issue of whether "other crimes" evidence can be admissible where the uncharged sex acts were committed against a child who is unrelated to the defendant, courts of appeal have repeatedly ruled that such evidence is admissible under various theories on a case-by-case basis.[9]

*966 Analysis
Contrary to defendant's argument, that this case involves an "other crime, act or wrong" against a child who is unrelated to the defendant or the victim of the charged crime in the instant case does not automatically preclude its admissibility under Jackson nor does a finding the evidence is admissible require an extension of the holding in Jackson. It was very clear in Jackson we did not intend to limit our holding strictly to intrafamilial situations. In discussing whether evidence of other acts of sexual misconduct with juveniles who were not the victims of the charged crimes was admissible under La. C.E. art. 404(B)(1), this court simply held that because specific intent was an element of the crime of molestation of a juvenile, the evidence of prior acts was admissible to show defendant's "lustful disposition" and would "be useful in proving that the defendant did not act innocently, and [would] negate any defense that he acted without intent or that the acts were accidental." Jackson, 625 So.2d at 150. Whether or not the victims of the other crimes were related to the defendant was not a factor.
Although this court acknowledged the familial relationship between the victims of the other crimes and the defendant in discussing admissibility of the evidence under La. C.E. art. 403, a plain reading of the entirety of that discussion makes it clear this court did not intend to require that admissibility of this type of evidence be conditioned on a familial relationship between the victims and the defendant. First, in discussing the probative value/undue prejudice analysis as applied to this type of evidence, this court placed heavy reliance on State v. Driggers, 554 So.2d 720 (La.App. 2d Cir.1989), a case which involved the admission of evidence of other crimes against victims unrelated to the defendant. Second, when this court did note the existence of the familial relationship between the victims and defendant in Jackson, it was in the context of a rebuttal to the argument that defendant would be prejudiced by having to defend against charges based on actions occurring 15 to 24 years ago. We noted that because the defendant was "well acquainted with the persons accusing him of the other crimes," he was better able to point out credibility problems and possible ulterior motives. The familial relationship between defendant and his accusers was not made a sine qua non for admissibility in all cases.
Given the foregoing, we will now consider the other crimes evidence in this case using the standards set out in Jackson. In this case, the state argues the defendant's statement to his neighbor's child that he had seen her naked in his bedroom with her arms and legs open is admissible to show his intent to molest the victim of the charged offense and to show that the molestation was not an accident. We agree. This patently prurient and highly inappropriate statement is relevant to show defendant's lustful disposition toward young girls. Similarly, in Jackson, the fact that the defendant had sexually molested his victims when they were young girls tended to show he had a lustful disposition toward young girls. That he had such lustful disposition was relevant in determining whether he had the specific intent to commit the crimes charged. Such an inference has long been permitted in child sexual abuse cases. See State v. Cupit, supra, and State v. Jackson, supra. Here, as in Jackson, in order to convict, the state has to prove the defendant acted with specific intent to arouse or gratify his own sexual desires or those of the victim. Because specific intent is an element of the crime charged and because the statement made to the unrelated victim is independently relevant to prove this intent, *967 the evidence is admissible under La. C.E. art. 404(B)(1).
The only remaining issue is whether the probative value of the evidence outweighs its prejudicial effect. La. C.E. art. 403. We find the statement made by the defendant is highly probative in that it is independently relevant in helping to prove an element of the charged crime, i.e. that the defendant did not act innocently with the two victims of the charged offenses, but acted with the specific intent to arouse or gratify the sexual desires of himself or his victims. For numerous reasons, we also find the prejudicial effect of the evidence is outweighed by its probative value. First, the statement was made after the crime for which defendant is charged occurred. Thus, the defendant will not be prejudiced by having to defend against charges from his distant past. Consequently, the concerns expressed by this court in Jackson over defendant's having to defend against charges from 15 to 24 years ago concerns which we found were ameliorated by the fact the victims were related to the defendantare not even implicated. Second, the statement is similar to the instant charge involving the 11-year-old. Each incident involves the defendant's bedroom and the defendant's apparent fixation with the vaginas of young girls. Third, the making of this statement is conduct far less serious than the crime for which defendant is charged and thus will not unduly inflame the jury.[10] This is to be contrasted with the evidence of acts more serious than the crimes charged which we held were inadmissible in Jackson because they were likely to be highly prejudicial and inflammatory.
Finally, the victim of the defendant's statement was not a stranger. The seven-yearold to whom the defendant allegedly made the sexually suggestive statement was his neighbor, and her mother was a friend of his wife. Because the defendant knows the victim and her family, he has the ability to investigate his accuser much the same as if he had made the statement to a related youngster. Weighing all the relevant factors, we find the probative value of the evidence outweighs its prejudicial effect.

CONCLUSION
The evidence in this case that the defendant told a seven-year-old neighbor he saw her naked in his bedroom with her arms and legs open is admissible under La. C.E. arts. 404(B)(1) and 403. It is independently relevant to show defendant's lustful disposition towards young girls and thus his specific intent to sexually molest his eight- and eleven-year-old nieces. The probative value of this evidence outweighs its prejudicial effect, notwithstanding the fact that the seven-year-old neighbor was not a family member of the defendant or the victim in the instant case.

DECREE
For the reasons stated herein, the judgment of the court of appeal is affirmed.
AFFIRMED.
CALOGERO, C.J., concurs and assigns reasons.
CALOGERO, Chief Justice, concurring.
The crime of molestation of a juvenile committed when the offender had supervision and control over the victim(s) is so inherently conducive to confession and avoidance defenses, in which the accused admits some or most but not all of the conduct charged against him, that his conduct on other occasions becomes peculiarly relevant to the question of whether the charged act in fact occurred. See State v. Hatcher, 372 So.2d 1024 (La.1979). I therefore view this case as governed by established principles. Defendant's fantasy confided to a child roughly the same age as the victims revealed not simply his predispositions but his design or plan to exploit young children sexually within the confines of his own home. Because of the nature of the charged crimes and the particular circumstances under which they are alleged to have occurred, the uncharged conduct appears relevant to the question of *968 whether the charged acts of molestation took place because both are "` naturally to be explained as caused by a general plan of which they are the individual manifestations.' "Hatcher, 372 So.2d at 1035 (quoting 2 Wigmore, Evidence, § 304 (3d 3d.1940).
NOTES
[*] Lemmon, J., not on panel. Rule IV, Part 2, § 3.
[1] La. R.S. 14:81.2 defines the crime of molestation of a juvenile as:

the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person ... by the use of influence by virtue of a position of control or supervision over the juvenile.
[2] It appears from the record the state is not seeking to imply defendant, in fact, saw the young neighbor in his room naked at some time, but rather only that the substance of the statement was a product of defendant's imagination.
[3] For example, La. R.S. 15:440.1, et seq., allows videotaped statements made by a child victim of sexual abuse to be admissible in evidence and states as the law's purpose that "[i]t is ... in the best interest of the state that children be spared from crimes of violence, and that persons who commit such crimes be prosecuted with a minimum of additional intrusion into the lives of such children." La. R.S. 15:440.1. Likewise, La. R.S. 15:283 allows a child abuse victim under the age of 14 to testify by closed circuit television outside of the courtroom so that he or she will not have to directly face the accused provided the court makes a specific finding of necessity based on certain enumerated factors. In addition, La. C.E. art. 804(B)(5) contains a special hearsay exception for child sexual assault victims which provides that a statement made by a person under the age of 12 years, if the person is unavailable as a witness, is not excluded by the hearsay rule where the statement is one of initial or otherwise trustworthy complaint of sexually assaultive behavior.
[4] D. Bryden and R. Park, "Other Crimes" Evidence in Sex offense Cases, 1994 Minn. L.Rev. 529, 557, n. 121. See, e.g., State v. Tobin, 602 A.2d 528 (R.I.1992); State v. Lachterman, 812 S.W.2d 759 (Mo.App. E.D.1991), cert. denied, 503 U.S. 983, 112 S.Ct. 1666, 118 L.Ed.2d 387 (1992); State v. Edward Charles L., 183 W.Va. 641, 398 S.E.2d 123 (W.Va. 1990); Smith v. State, 182 Ga.App. 740, 356 S.E.2d 723 (Ga.App.1987); Anglin v. State, 173 Ga.App. 648, 327 S.E.2d 776 (Ga.App. 1985); State v. Raye, 73 N.C.App. 273, 326 S.E.2d 333, 335 (N.C.App.1985), review denied, 313 N.C. 609, 332 S.E.2d 183 (N.C.1985); State v. Ferguson, 100 Wash.2d 131, 667 P.2d 68 (Wash. 1983); State v. Greensweig, 102 Idaho 794, 641 P.2d 340 (Id.App.1982); State v. Jerousek, 121 Ariz. 420, 590 P.2d 1366 (Ariz.1979); Findley v. State, 94 Nev. 212, 577 P.2d 867 (Nev. 1978). See also Maynard v. State, 513 N.E.2d 641, 647 (Ind.1987), overruled by Lannan v. State, 600 N.E.2d 1334, 1339 (Ind.1992)(holding the depraved sexual instinct exception is no longer recognized in Indiana), legislatively overruled by the enactment of Indiana Code 35-37-4-15 (which reinstated the exception allowing for the admissibility of sex acts against other victims similar to the charged crime in cases of child molestation or incest).
[5] See, e.g., United States v. Hadley, 918 F.2d 848 (9th Cir.1990); United States v. Beahm, 664 F.2d 414 (4th Cir.1981); People v. Ewoldt, 7 Cal.4th 380, 27 Cal.Rptr.2d 646, 867 P.2d 757 (Cal. 1994); State v. Kulmac, 230 Conn. 43, 644 A.2d 887 (Conn. 1994); State v. Wermerskirchen, 497 N.W.2d 235 (Minn. 1993); Allen v. State, 624 So.2d 650 (Ala.Crim.App. 1993); United States v. Hebert, 35 M.J. 266 (C.M.A.1992); State v. Moore, 120 Idaho 743, 819 P.2d 1143 (Idaho 1991); United States v. Bender, 33 M.J. 111 (C.M.A. 1991); State v. Friedrich, 135 Wis.2d 1, 398 N.W.2d 763 (Wis. 1987) Elliott v. State, 600 P.2d 1044 (Wyo. 1979).
[6] This revision has been noted as making it "much easier for prosecutors in sexual offense cases to offer evidence of a defendant's prior sexual offenses solely for the purpose of demonstrating that he had a propensity or disposition to commit that sort of act." James Joseph Duane, The New Federal Rules of Evidence on Prior Acts of Accused Sex Offenders: A Poorly Drafted Version of a Very Bad Idea, 157 F.R.D. 95, 106 (1994). Although the Advisory Committee on Evidence Rules opposed the revision, emphasizing "the danger of convicting a criminal defendant for past, as opposed to charged, behavior or for being a bad person," Congress adopted the revision with the legislation's House sponsor, Rep. Susan Molinari, expressing the purpose of the revision as follows;

The proposed reform is critical to the protection of the public from rapists and child molesters, and is justified by the distinctive characteristics of the cases it will affect. In child molestation cases, for example, a history of similar acts tends to be exceptionally probative because it shows an unusual disposition of the defendanta sexual or sadosexual interest in childrenthat simply does not exist in ordinary people. Moreover, such cases require reliance on child victims whose credibility can readily be attacked in the absence of substantial corroboration. In such cases, there is a compelling public interest in admitting all significant evidence that will illumine the credibility of the charge and any denial by the defense.
Rule 413, Historical Note.
[7] In addition to being admissible to prove intent, we also held that the evidence was admissible to show "plan" under Article 404(B)(1).
[8] See State v. Tyler, 619 So.2d 807, 811-12 (La. App. 1st Cir. 1993), writ denied, 624 So.2d 1225 (La. 1993) (evidence that defendant raped his nieces in their preteen years was admissible in prosecution for aggravated rape of defendant's stepdaughter; in light of defendant's denial that sexual acts occurred, victim's credibility was at issue and any evidence of defendant having motive or plan to engage in sexual relations would be relevant to establish crime charged); State v. Allen, 26,547, pp. 10-12 (La.App.2nd Cir. 12/7/94), 647 So.2d 428, 434-35, writ denied, 95-0048 (La.5/19/95), 654 So.2d 1352 (evidence that two young female relatives of defendant had been molested by defendant under circumstances similar to those in which defendant was alleged to have molested his daughter was relevant and admissible in sexual battery prosecution to show defendant's "lustful disposition" toward female relatives and his motivation by unnatural interest in prepubescent females); State v. Johnson, 95-1002 (La.App. 3d Cir.3/6/96), 670 So.2d 651 (evidence that defendant had sexually molested victim's younger sister was relevant in prosecution for aggravated rape of child to show propensity to engage his young daughters in sexual relations); State v. Howard, 520 So.2d 1150, 1154 (La.App. 3d Cir. 1987), writ denied, 526 So.2d 790 (La. 1988) ("[E]vidence of previous sexual assaults against a daughter at a period of time analogous to the current victim (pre-teen years) and under similar circumstances ... demonstrated motive and plan to systematically engage in nonconsensual relations with his daughters as they matured physically"); State v. Boudreaux, 95-153, p. 10 (La.App. 5th Cir. 9/20/95), 662 So.2d 22, writ denied, 96-0840 (La.5/30/97), 694 So.2d 233 (testimony of victim's oldest sister that defendant molested her during same period that defendant was accused of raping youngest daughter was admissible in prosecution for rape to show defendant's systematic plan, opportunity and motive).
[9] State v. Sturdivant, 27,680 (La.App. 2nd Cir.2/28/96), 669 So.2d 654, 657 (14-year-old's testimony that when she was six defendant persuaded her to enter vacant house and touched her "private parts" was relevant in prosecution for indecent behavior with 13-year-old;" evidence showed defendant's intent to molest, fondle or touch young girls and that such touching was not accidental ... [and] tended to confirm the testimony of the victim in the present case... [and] was relevant to show defendant's guilty knowledge because, as with the victim in the instant case, he lured or attempted to lure young girls into secluded areas to perpetrate the offense"); State v. Free, 26,267, pp. 2-4 (La.App. 2nd Cir. 9/21/94), 643 So.2d 767, 771-73, writ denied, 94-2846 (La.3/10/95), 650 So.2d 1175 (defendant charged with molestation of the daughter of his foster sister; evidence of prior similar offenses committed with his biological niece, who had been adopted, and her friend was admissible; distinction drawn between evidence of prior similar sex crimes (admissible) and evidence of dissimilar criminal behavior or sex crimes (inadmissible)); State v. Driggers, 554 So.2d 720, 724-27 (La.App. 2nd Cir. 1989) (defendant convicted of four counts of indecent behavior with a juvenile and two counts of aggravated oral sexual battery on his six-year-old granddaughter; testimony of six other victims, including defendant's niece, that they were sexually molested when they were between the ages of 4 and 13 years old was admissible; "other crimes evidence would tend to demonstrate that defendant generally took advantage of one-on-one situations with female juveniles, that he was motivated by an unnatural interest in pre-pubescent females, and that the facts giving rise to the instant charges did not occur fortuitously or accidently, but were fully intended by the defendant... The significance of the other crimes lies as much in what motivates defendant to act as in what occurred. His apparent tendency to partake in pedophilic activities is of long standing and appears to be firmly entrenched."); State v. Davis, 97-331 (La.App. 3rd Cir. 10/29/97), 702 So.2d 1014 (evidence of molestation of unrelated victim when she was the same age as the instant victim admissible given the similarities of the instances of abuse to prove "lustful disposition," motive, plan, and to refute any contention that the abuse was the result of accident or mistake); State v. Chapman, 96-152 (La.App. 3rd Cir. 10/9/96), 683 So.2d 1236, 1240, writ denied, 97-0583 (La.9/5/97), 700 So.2d 505 (defendant charged with sexual battery showed victim a pornographic video and court ruled evidence that defendant showed unrelated victim two sets of pornographic photographs was admissible because "the overall evidence indicates [the defendant's] taste for pornographic material was related to the current offense, ... demonstrates his unnatural interest in young females [and] that the current facts did not result from mistake or accident but were fully intended."); State v. DeRoche, 629 So.2d 1267, 1271-73 (La.App. 5th Cir.1993)(testimony by two juvenile boys about prior molestation attempts admissible in trial for molestation of other juveniles to "prove defendant's motive or plan, i.e. molesting juvenile males [but not] to prove any system for the commission of the charged crimes."); State v. Hanks, 593 So.2d 971, 973 (La.App. 5th Cir. 1992) (evidence that defendant had sexually molested victim's nine-year-old sister admissible to show defendant's systematic plan, opportunity, motive; "sexual attacks on the victim and her younger sister took place during the same period of time and the factual circumstances of the attacks were virtually identical").
[10] The "other crimes, wrongs or acts" sought to be admitted "need not be acts that violate the law. Nor need the acts constitute misconduct." John E.B. Meyers, Uncharged Misconduct Evidence in Child Abuse Litigation, 1988 Utah L.Rev. 479, 479 (1989).