PDAVID S. GORBATY, Judge.
Defendant Spencer Morgan was convicted in the Criminal District Court of aggravated rape of L.C., a minor, and he appealed. This court held that: (1) a prior rape victim’s testimony against the defendant in an aggravated rape prosecution involving defendant’s teenage daughter was admissible as evidence of lustful disposition; (2) *305 the evidence was sufficient to support his conviction; and (3) defendant failed to prove by a preponderance of evidence that he was insane at time of the rape. Defendant applied for a writ of certiorari to the Louisiana Supreme Court, which was granted, and the matter was remanded to this court “for consideration in light of State v. Kennedy, 00-1554 (La.4/3/01), 803 So.2d 916.” State v. Morgan, 2001-0418 (La.1/25/02), 806 So.2d 662.
We adopt the facts as set forth in our earlier opinion, State v. Morgan, 99-2685 (La.App. 4 Cir. 1/17/01), 779 So.2d 17.

¡¿ASSIGNMENT OF ERROR NO. 1

In his first assignment of error, defendant claims the trial court erred in allowing the victim of a prior crime, K.B.[1], to testify against defendant pursuant to La. C.E. art. 404(B) as evidence of a system or pattern of behavior.
La. C.E. art. 404(B)(1) provides:
Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal ease shall provide reasonable notice in advance of trial, of the nature of any such evidence it plans to use at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.
The general rule of La. C.E. art. 404(B)(1) prohibits the admission of other crimes evidence at trial because of the danger that the trier of fact will convict the defendant of the immediate charge based on his bad character, as evidenced by his prior criminal acts. State v. Jones, 99-0861 (La.App. 4 Cir. 6/21/00), 769 So.2d 28. To admit “other crimes” evidence pursuant to one of the exceptions provided by La. C.E. art. 404(B)(1), such evidence must tend to prove a material fact genuinely at issue, and the probative value of the extraneous crimes evidence must outweigh its prejudicial effect. State v. Tilley, 99-0569 (La.7/6/00), 767 So.2d 6. There must be clear and convincing evidence of the commission of the other crimes and the defendant’s connection therewith. State v. Hills, 99-1750, p. 5 (La.5/16/00), 761 So.2d 516, 520. Finally, defendant must be given notice and |3afforded a hearing at which the State must show that the evidence is admissible. State v. Prieur, 277 So.2d 126 (La.1973).
In State v. Mills, 2000-2525 (La.App. 4 Cir. 12/27/01), 806 So.2d 59, this court discussed the current state of the law as it pertains to this issue:
Our Supreme Court recently addressed the jurisprudentially created “lustful disposition” exception to La. Code Evid. art. 404(B). In State v. Kennedy, 2000-1554 (La.4/3/01), 803 So.2d 916, the defendant was charged with the rape of a child under the age of twelve. The State sought to introduce evidence of the defendant’s unadjudicated rape of another young girl allegedly committed sixteen years earlier. The alleged victim of the earlier crime testified at the Prieur hearing. The trial court found the testimony admissible, noting that State v. Miller, 98-0301 (La.9/9/98), 718 So.2d 960, held that “lustful disposition” evidence may be relevant to prove the element of specific intent. The Court of Appeal, Fifth Circuit, granted the defen *306 dant’s writ application, and reversed the trial court, stating that “[ejvidenee of “lustful disposition” is not admissible unless it is to prove some element of the charged offense, like specific intent, (citation omitted). Since specific intent is not at issue in this case, the evidence is not admissible to prove the Defendant’s bad character, which is prohibited.” The Supreme Court granted the State’s writ application[2], and affirmed the ruling of the Fifth Circuit.
The Court explained that the “lustful disposition” exception to Article 404 B was recognized in our jurisprudence as early as 1903, when it was accepted that evidence of prior sex crimes against the prosecuting victim is admissible under an exception to the general rule excluding evidence of other crimes similar to the charged offense. The evidence of other acts against the same victim tended to prove the defendant had a lustful disposition toward that person.[3] The Court, however, noted that the exception has been consistently restricted to evidence of other crimes against the same victim, whether child or adult. Kennedy, supra at p. 4.
The Court further explained that in State v. Jackson, 625 So.2d 146 (La. 1993), and State v. Miller, supra, the Court sanctioned on a limited basis, the introduction of evidence of improper sexual conduct with persons other than the victim in the charged offense in cases of child sexual abuse, but clearly within the constraints of La.Code Evid. art. 404(B) and the balancing test of Article 403. Specifically, in Jackson, supra, the Court noted “where the element of intent is regarded as an essential ingredient of the crime charged, it is proper to admit proof of similar but disconnected crimes to show intent with which the act charged was committed.” 625 So.2d at 150 (quoting State v. Cupit, 189 La. 509, 179 So. 837, 839 (1938)). |/Thus, the other crimes evidence was deemed admissible to negate any defense that the defendant acted without intent or that the act was accidental.
Similarly, in Miller, supra, evidence of lascivious statements made previously by the defendant to a young neighbor girl was admitted to show the defendant’s lustful disposition towards his young granddaughters and, thus his specific intent to molest them sexually. Miller, supra at 98-0301, p. 13, 718 So .2d 960.
Thus, both in Jackson and Miller, the Court deemed the other crimes evidence admissible because it was relevant to the issue of specific intent, a key ingredient of the crimes charged.
To the contrary, the Court in Kennedy pointed out that aggravated rape is a general intent crime, and, as such, the criminal intent necessary to sustain a conviction is established by the very doing of the act. General intent exists “when the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act.” La.Rev.Stat. 14:10(2). Therefore, absent a dispute as to whether the accused intended to commit the crime, for example, claiming that the act was inadvertent or accidental, evidence of other crimes is prohibited to show intent when the crime charged is a general intent crime.
Mills, 2000-2525 at pp. 5-7, 806 So.2d at 62-63.
*307 Justice Traylor, dissenting in Kennedy, reasoned that mechanical application of La.Code Evid. art. 404(B) creates an anomaly in restricting application of the lustful disposition exception to specific intent crimes. Specifically, “with a bright line rule of specific intent as the requirement for admissibility in child sexual assault cases, other crimes evidence becomes admissible in attempted aggravated rape, or charges of molestation of a juvenile, but cannot be offered in the more grievious [sic] crime of aggravated rape of a child under 12.” Kennedy, 2000-1554 at p. 4, 803 So.2d at 929. Thus, if one only attempts to rape a child, one can have evidence of prior crimes used against him, but, if one succeeds in raping the child, the same evidence cannot be admitted.
In the instant case, defendant was charged with aggravated rape, a general intent crime. As such, in light of Kennedy, evidence of “lustful disposition” is not | Sadmissible. Therefore, we find that the trial judge erred in allowing the victim of a prior crime to testify against defendant as evidence of “lustful disposition.”

CONCLUSION

We find this case particularly disturbing and reverse the conviction with great trepidation. We agree with Justice Traylor’s reasoning without reservation, but are nonetheless bound by the majority opinion in Kennedy. Accordingly, for the foregoing reasons, we reverse Morgan’s conviction and remand this matter to the trial court for further proceedings.[4]

REVERSED AND REMANDED.

. To protect the victim, a minor, only initials will be used.

. 2000-1554 (La.6/14/00), 763 So.2d 608.

. See State v. Acliese, 403 So.2d 665 (La. 1981).

. Because the conviction is reversed, we pre-termit discussion of Morgan’s remaining assignments of error,