975 So.2d 16 (2007)
STATE of Louisiana
v.
Francis HOTARD, Jr.
No. 07-KA-498.
Court of Appeal of Louisiana, Fifth Circuit.
December 27, 2007.
*17 Harry J. Morel, Jr., District Attorney, Juan Byrd, Assistant District Attorney, Hahnville, LA, for Plaintiff/Appellee.
Frank Sloan, Attorney at Law, Louisiana Appellate Project, Mandeville, LA, for Defendant/Appellant.
Panel composed of Judges SUSAN M. CHEHARDY, FREDERICKA HOMBERG WICKER, and GREG G. GUIDRY.
GREG G. GUIDRY, Judge.
The Defendant, Francis Hotard, appeals from his conviction by a jury of molestation of a juvenile, a violation of La.R.S. 14:81.2.[1] We affirm.
The victim, B.T., is the youngest of Ms. V's three children.[2] The Defendant is the father of her other two children. The child claimed that the Defendant kissed her genitals on or about October 28, 2005. B.T. was five years old at the time.
The sole issue on appeal is whether defense counsel was ineffective for objecting on allegedly incorrect grounds to the admission of a letter written by the Defendant containing sexual comments about his minor daughter, and the testimony of his ex-wife, Cassandra Hotard, concerning his sexual interest in her niece, also a minor.
The Defendant argues that his attorneys' arguments and objections to the admission of the evidence were erroneously *18 based on the need for a Prieur hearing, rather than the prejudicial nature of the evidence.[3] He asserts that neither of the communications at issue fall within the evidentiary rules regarding prior crimes evidence.[4]
A defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution of 1974. State v. Lagarde, 07-123, p. 17 (La.App. 5 Cir. 5/29/07), 960 So.2d 1105, 1117. In assessing a claim of ineffectiveness, a two-pronged test established in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) is employed. The defendant must show that (1) his attorney's performance was deficient and (2) the deficiency prejudiced him. To establish prejudice, the defendant must show that, but for counsel's unprofessional conduct, the outcome of the trial would have been different. Lagarde, 07-123 at 17, 960 So.2d at 1117. "The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which . . . will often be so, that course should be followed." State v. Stewart, 00-2960, p. 10 (La.3/15/02), 815 So.2d 14, 19 (per curiam) (quoting Strickland, 466 U.S. at 697, 104 S.Ct. at 2069).
Generally, a claim of ineffective assistance of counsel is most appropriately addressed through an application for post-conviction relief rather than direct appeal, so as to afford the parties an adequate record for review. However, this record is adequate to address the claims. See: State v. McIntyre, 97-876, pp. 10-11 (La. App. 5 Cir. 1/27/98), 708 So.2d 1071, 1075, writ denied, 98-1032 (La.9/18/98), 724 So.2d 753 (citations omitted).
La.C.E. art. 412.2 provides for the introduction of evidence in sex offense cases as follows:
A. When an accused is charged with a crime involving sexually assaultive behavior, or with acts that constitute a sex offense involving a victim who was under the age of seventeen at the time of the offense, evidence of the accused's commission of another crime, wrong, or act involving sexually assaultive behavior or acts which indicate a lustful disposition toward children may be admissible and may be considered for its bearing on any matter to which it is relevant subject to the balancing test provided in Article 403.
* * * *
C. This Article shall not be construed to limit the admission or consideration of *19 evidence under any other rule. [Emphasis added.]
La. C.E. art. 403 provides that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time."
Following selection of the jury, but prior to the presentation of testimony at trial, defense counsel requested that the State instruct its witnesses not to discuss other crimes. The State contended that it had the authority to present evidence of the Defendant's lustful behavior under La.C.E. art. 412.2. Defense counsel argued that La.C.E. art. 412.2 required a pretrial Prieur hearing. The trial judge found that a pretrial hearing was not required under the Article. He further stated that he would rule on whether the evidence was admissible under La.C.E. art. 403 when it was introduced, and that he would instruct the jury that the Defendant was not on trial for other crimes. The judge cautioned the State that the evidence had to be competent to be admitted, and to refrain from eliciting hearsay.
The letter at issue was written by the Defendant and handed to Ms. V. in March or April of 2005. It concerned their daughter A.H. Ms. V. read a portion of the letter to the jury. In it, the Defendant states that, "I don't think I just love her but fell in love with her," and he indicated that he wanted to have a relationship with her. Ms. V. testified that the letter upset her. In discussing it with the Defendant, he stated that, even though society thought it was wrong, he felt a sexual relationship with his daughter was not inappropriate. This constitutes evidence of lustful disposition toward children as described in La. C.E. art. 412.2. The defense attorneys did not object to the admission of the letter, but noted their pre-trial request.
Ms. Hotard testified that she had a conversation with the Defendant about her 11-year-old niece in which he told her that "he wanted to go down" on the child. The Defendant further stated that he did not want a relationship with the girl, and he did not think it mattered whether he or some inexperienced young boy first engaged in sexual activity with the child. Ms. Hotard said that the Defendant later told her that he only made that statement to make her angry. This also constitutes evidence of lustful disposition toward children as described in La. C.E. art. 412.2. Defense counsel objected to the testimony as inadmissible evidence of other crimes.
Defense counsel did not contemporaneously object to the letter or the testimony being admitted as evidence of lustful disposition. To preserve the right to seek appellate review, counsel must state an objection contemporaneously with the occurrence of the alleged error as well as the grounds for that objection. State v. Housley, 05-502, p. 9 (La.App. 5 Cir. 1/31/06), 922 So.2d 659, 664-65, writ den., 06-1183 (La.11/17/06), 942 So.2d 531 (citing La. C.Cr.P. art. 841). A new ground for an objection cannot be presented for the first time on appeal. Housley, 05-502 at 9, 922 So.2d at 665 (citation omitted). Nevertheless, the conduct of the Defendant's two defense attorneys in this case do not constitute ineffective assistance of counsel.
The trial judge correctly concluded that it was not required to conduct a pre-trial hearing prior to admitting evidence under La.C.E. art. 412.2. State v. Williams, 02-1030, 02-0898, p. 6 (La.10/15/02), 830 So.2d 984, 987. Furthermore, La.C.E. art. 412.2 allows for the admission of evidence of the Defendant's lustful disposition toward children. It does not require that the evidence *20 be a prior criminal act or evidence of an actual sexual offense.
In State v. Miller, 98-0301, pp. 11-14 (La.9/9/98), 718 So.2d 960, 966-67, the Louisiana Supreme Court held that a "prurient and highly inappropriate statement" by the defendant to his neighbor's child was relevant to show the defendant's lustful disposition toward young girls. This case, decided prior to the enactment of La.C.E. art. 412.2, held that the evidence was admissible under La.C.E. art. 404(B)(1) on the basis that the statement made to the victim was independently relevant to prove intent, an element of the offense. The court noted that the defendant's statement was conduct far less serious than the crime for which the defendant was charged and would not unduly inflame the jury. The court stated that "[t]he `other crimes, wrongs or acts' sought to be admitted `need not be acts that violate the law. Nor need the acts constitute misconduct.'" Miller, 98-0301at 13, 718 So.2d at 967, nt. 10 (citing John E.B. Meyers, Uncharged Misconduct Evidence in Child Abuse Litigation, 1988 Utah L.Rev. 479, 479 (1989)).
Although the trial judge here failed to specifically rule on the admissibility of the evidence under La.C.E. art. 403, he admitted it and implicitly found that the probative value was substantially outweighed by the danger of "unfair prejudice, confusion of the issues, or misleading the jury. . . ." This is especially true in light of his stated intention to conduct a La.C.E. art. 403 analysis when the evidence was introduced. Furthermore, there is no indication that the lustful disposition evidence confused the jury. It was presented in an orderly manner, the evidence of the Defendant's prior conduct was presented clearly through the testimony of witnesses other than the victim, and the trial judge gave a limiting instruction concerning the evidence. Thus, there was little chance that the jury would confuse the facts of the prior conduct with the conduct involving the victim at issue. In any event, any error in the admission of the evidence is subject to a harmless error analysis. See State v. Williams, 05-318, p. 4 (La.App. 5 Cir. 1/17/06), 921 So.2d 1033, 1036, writ denied, 06-0973 (La.11/3/06), 940 So.2d 654. An error is harmless when the verdict is "surely unattributable to the error." Id.
In this case, the jury's verdict was surely unattributable to the alleged error. The evidence presented at trial was more than sufficient to convict under the Jackson standard, without consideration of the evidence of lustful disposition.[5] Despite minor inconsistencies in the victim's testimony, the jury chose to believe the victim. This was a reasonable conclusion further supported by the testimony of others. The Defendant has not shown that, but for the failure of counsel to object on the correct basis, the outcome of trial would have been different. Consequently, we find that the Defendant's attorneys were not ineffective.[6]
*21 Accordingly, the conviction is hereby affirmed.
AFFIRMED.
NOTES
[1] The Defendant was sentenced on April 19, 2007, to 10 years with the Department of Corrections and ordered to register as a sex offender.
[2] In accordance with La.R.S. 46:1844(W), the initials of the victim and those of certain family members are used herein to protect the victim's identity.
[3] State v. Prieur, 277 So.2d 126, 128 (La.1973) held that evidence of other crimes, wrongs, or acts is generally inadmissible to impeach the character of the accused. See: La.C.E. art. 404(B). State v. Blank, 04-0204, p. 39 (La.4/11/07) 955 So.2d 90, 123. However, such evidence may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or . . . (res gestae)." La.C.E. art. 404(B)(1).
[4] La. C.E. art. 404 B(1) provides:

(1) Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.
[5] The standard for review under Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) is whether, "the conviction was based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt." See also: State v. Ortiz, 96-1609, p. 12 (La. 10/21/97), 701 So.2d 922, 930, cert. denied, 524 U.S. 943, 118 S.Ct. 2352, 141 L.Ed.2d 722 (1998); State v. Polizzi, 05-478, p. 9 (La.App. 5th Cir.2/14/06), 924 So.2d 303, 310.
[6] The record was reviewed for errors patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); State v. Polizzi, 05-478, p. 9 (La.App. 5th Cir.2/14/06), 924 So.2d 303, 310. The review reveals no errors patent in this case.