PER CURIAM.
hThe defendant, Michael Robertson, is charged with the first degree murder of his eight-year-old son, Xzayvion Riley, in the 19th Judicial District Court, Parish of East Baton Rouge. The state gave the defendant notice of its intent to introduce certain evidence of prior bad acts at trial pursuant to La. C.E. art. 404(B) and State v. Prieur, 277 So.2d 126 (La.1973). The trial court held a seven-day Prieur hearing over the course of five months. After the hearing, the trial court ruled certain of the prior acts admissible, or admissible only for a limited purpose, and certain acts inadmissible. Both the defendant and the state sought review in the Court of Appeal, First Circuit, which denied both writ applications. We now find that the trial court abused its discretion in excluding the evidence the state sought to admit, reverse its ruling, and remand for further proceedings consistent with this opinion.[1]
At issue here are four acts the trial court deemed inadmissible or admissible only for a limited purpose: (1) In November 2008, the defendant battered and abused Xzayvion by injuring his face with a belt; (2) In August 2010, the defendant battered and abused Xzayvion by injuring his neck and bruising his upper and lower body and groin area; (3) In February 2012, the defendant battered Land abused Xzayvion by breaking his leg and subsequently neglecting to seek medical treatment; and (4) Xzayvion’s sister observed the defendant hit and punch Xzay-vion “a lot” in the years leading up to his death and observed the defendant force Xzayvion to run for unspecified periods of time.
We find that the trial court abused its discretion in excluding these four incidents or permitting the state to introduce them only for a limited purpose. Generally, evidence of other acts of misconduct is not admissible. See, e.g., State v. Rose, 06-0402, p. 12 (La.2/22/07), 949 *1290 So.2d 1236, 1243. However, statutory and jurisprudential exceptions exist when the evidence of other acts “tends to prove a material issue and has independent relevance other than showing that the defendant is a man of bad character.” State v. Germain, 433 So.2d 110, 117 (La.1983). See also La. C.E. art. 404(B). Even when a defendant’s prior bad acts are- relevant and otherwise admissible, the trial court must still balance the probative value of the evidence against, its prejudicial, effect before the evidence can be admitted. Rose, 06-0402, p. 13, 949 So.2d at 1243-44.
This Court previously considered the admission of other crimes evidence in cases of child abuse or domestic violence, and acknowledged that prior bad acts may be critical to the state in proving a pattern of behavior and rebutting a defendant’s defenses. In State v. Germain, the defendant was charged with second degree murder in the death of his stepdaughter, and he asserted as his defense that he hit the child merely to discipline her, but never intended to harm her. 433 So.2d at 118. In affirming the trial court’s decision to admit evidence of earlier acts of abuse against the victim, the Court remarked: “In a child abuse case, when accidental injury and ■ identity of the offender are made the issues in the case, it is not unduly and unfairly prejudicial to expose to the fact finder earlier incidents between the defendant and the victim which tend to prove beyond a reasonable doubt that the injuries charged against the defendant were committed intentionally |sand by the defendant himself.” Id. In other words, because there is “hardly any evidence more ‘prejudicial’ than evidence of child abuse,” the evidence at issue must' be “unduly” and “unfairly” prejudicial to be excluded. Prior bad acts in child abuse cases should be viewed through this lens. See also State v. Humphrey, 412 So.2d 507 (La.1981) (“As between défendant and any other likely suspect, the behavior in having abused these children previously was unique to defendant and was sufficiently similar to the conduct involved in the homicide to increase its relevancy to a degree justifying admissibility....”); State v. Galliano, 2002-2849 (La.1/10/03), 839 So.2d 932 (finding evidence of prior incidents of violence against the child may be prejudicial, but noting that it is not “so inflammatory as to create an unacceptable risk of luring jurors into declaring guilt on a ground different from proof specific to the offense charged”).
In ‘ this case, we find that the prior acts of abuse committed by the defendant against the child victim, as set forth by the state in its writ -application, are admissible. Each of the acts at issue involves the battering and/or abuse of the victim by the defendant over the course of several years in his short life, and have independent and relevant bases for admissibility. See La. C.E. art. 404(B)(1). As the state argues, the-evidence-both tends to prove a material fact genuinely at issue and may be used by the state to rebut the defendant’s defenses. Additionally, the evidence is not more prejudicial than probative. As we held in Germain, “[tjhere is hardly any evidence more ‘prejudicial’ than evidence of child abuse.” 433 So.2d at 118. As a result, “prejudicial” in this context must be used to limit the introduction of probative evidence only when that evidence is “unduly or unfairly prejudicial” — which it is not in this case.
We specifically find: (1) The trial court abused its discretion in finding the November 2008 incident inadmissible'as “too remote” from the charged crime. The victim was only eight years old at the time of his murder, and acts of abuse 14perpetrated against him in the years before his death are not so remote as to negate their proba *1291 tive value. See State v. Altenberger, 2013-2518 (La.4/11/14), 139 So.3d 510 (permitting introduction of evidence of abuse of multiple women over the course of 22 years). (2) The trial court abused its discretion in finding the August 2010 incident admissible only in part, specifically in its finding that the injuries to Xzayvion’s neck were more prejudicial than probative. (3) The trial court abused its discretion in permitting the introduction of the fractured femur and lacerations/bruises for the purpose of showing the defendant’s identity only. (4) The trial • court abused its discretion in deeming the acts observed by Xzayvion’s sister to be inadmissible. The evidence she will testify about has independent relevance as set forth in article 404(B).
Finally, we note that the trial court may lessen any potential prejudice and guard against jury misuse of the evidence by giving cautionary instructions contemporaneously with the evidence and the closing argument, as well as in' the jury charges. See, e.g., State v. Miller, 98-0301 (La.9/9/98), 718 So.2d 960, 962 (“[T]he court must, at the request of the defendant, offer a limiting instruction to the jury at the time the evidence is introduced. The court must also charge the jury at the close oj’ the trial that the other crimes evidence serves- a limited purpose and that the defendant cannot be convicted for any crime other than the one charged or any offense responsive to it.”).
Reversed and remanded.
HUGHES, J., would deny the writ.

. The trial court properly applied the standard of review of "clear and convincing evidence” in this case. We have made clear that this is the threshold required for Prieur evidence in capital cases. See State v. Blank, 04-0204 (La.4/11/07), 955 So.2d 90, 123 & n. 22 (applying clear and convincing evidence standard in capital case); State v. Jacobs, 99-0991 (La.5/15/01), 803 So.2d 933, 952 (same).