803 So.2d 916 (2001)
STATE of Louisiana
v.
Patrick KENNEDY.
No. 2000-KK-1554.
Supreme Court of Louisiana.
April 3, 2001.
*917 Richard P. Ieyoub, Attorney General, Paul D. Connick, Jr., District Attorney, Richard C. Bates, Baton Rouge, Rebecca J. Becker, Terry M. Boudreaux, Gretna, Gregory M. Kennedy, Counsel for Applicant.
Mark J. Armato, Dorothy G. daPonte, Counsel for Respondent.
CALOGERO, Chief Justice.[*]
This difficult case involving the capital crime of the rape of a child tests this *918 court's resolve in upholding the law as written and as consistently followed by this court for nearly thirty years. The law governing the admission of other crimes evidence has not been changed, and however repugnant the alleged criminal conduct may be, we must apply to this case, just as we do any other, well-settled evidentiary rules that promise a process for determining guilt or innocence fairly.
We granted a writ of certiorari in this case to determine whether evidence of the defendant's alleged sexual misconduct involving the rape of a minor child in 1984 is admissible under La.Code Evid. art. 404(B) at his trial for capital aggravated rape of a different minor victim allegedly committed in 1998. The State asserts such other crimes evidence is admissible in this child sexual abuse case under a socalled "lustful disposition exception" to Article 404(B), which prohibits the introduction of evidence of other crimes, wrongs, or acts to prove the criminal character of the accused in order to show that he acted in conformity therewith. We find, however, no such exception applicable to the instant case. Furthermore, we decline to rewrite the evidentiary rules to allow the introduction in child sexual abuse cases of evidence of other crimes, wrongs, or acts tending to show the defendant's "lustful disposition" toward children in the absence of one of the otherwise permissible purposes enumerated in Article 404(B). Because the evidence sought to be introduced here is not independently relevant under any of the permitted purposes recited in Article 404(B), such as proof of motive, intent, or identity, we find that the court of appeal was correct in applying Article 404(B) of the Louisiana Code of Evidence and our decision in State v. Miller, 98-0301 (La.9/9/98), 718 So.2d 960. We therefore affirm the court of appeal's decision reversing the ruling of the district court and remand to the district court for further proceedings.

FACTS AND PROCEDURAL HISTORY
Defendant has been indicted by a grand jury on one count of capital aggravated rape involving his eight-year-old stepdaughter on March 2, 1998, a violation of La.Rev.Stat. 14:42. The State is seeking the death penalty.[1]
In a pre-trial motion pursuant to State v. Prieur, 277 So.2d 126 (La.1973), the State sought to introduce evidence of the defendant's unadjudicated rape of another eight or nine-year-old girl allegedly committed sixteen years earlier in 1984.[2] At the Prieur hearing in April of 2000, this witness, now an adult, testified that sixteen years earlier the defendant, who had had temporary custody of her by permission of her mother, had inserted his penis into her vagina on three occasions. The witness did not tell anyone other than her younger sister until some four years later, at which time a police investigation was commenced. No charges were made against the defendant after the witness withdrew *919 her claims of sexual abuse. At the time of the Prieur hearing in the instant case, the witness was twenty-four years old.
The district court found this evidence to be admissible, noting this court's holding in Miller that "lustful disposition" evidence may be relevant to the element of specific intent. The court reasoned as follows:
To the extent that we have heard testimony today regarding the relationship of the Defendant, that is alleged to be superior to possibly even custodial in the broadest sense over these children; the fact that these children have testified were in his home and that he had access to them; that the opportunity for predation, albeit alleged, was there; certainly is consistent with what this Court considers to be the guidelines and guide-points; a[s] enunciated by the Louisiana Supreme Court.
The district court went on to find that the State had proved the other crimes against the witness by a preponderance of the evidence and that the probative value of the evidence exceeded its prejudicial effect.
The defendant successfully sought writs in the Court of Appeal, Fifth Circuit, which reversed the ruling of the district court admitting the other crimes evidence. The court of appeal reasoned:
As to [the witness's] testimony, regarding other sexual acts committed by the Defendant upon her, we find the trial court erred in ruling that it was admissible. Even evidence of "lustful disposition" is not admissible unless it is to prove some element of the charged offense, like specific intent. State v. Miller, 98-0301 (La.9/9/98), 718 So.2d 960. Since specific intent is not at issue in the case, the evidence is not admissible to prove the Defendant's bad character, which is prohibited. La. C.E. art. 404(B); State v. Maise, 99-0734 (La. App. 5 Cir. 3/22/00), [759 So.2d 884], writs applied for, 00-1158 [(La. 9/14/01), 795 So.2d 1219].
We granted the State's writ application to review the correctness of that ruling, 00-1554 (La.6/14/00), 763 So.2d 608, and now affirm the court of appeal.

DISCUSSION
The fundamental rule in Louisiana governing the use of evidence of other crimes, wrongs, or acts is, and has been, that such evidence is not admissible to prove that the accused committed the charged crime because he has committed other such crimes in the past. See State v. Hatcher, 372 So.2d 1024, 1036 (La. 1979) (Tate, J., concurring on rehearing). Enacted in 1928, La.Rev.Stat. 15:446 authorized the introduction of other crimes evidence to prove guilty knowledge and intent, but it expressly prohibited the admission of such evidence "to prove the offense charged."[3] Although La.Rev. Stat. 15:446 was repealed in 1988 when the legislature adopted a formal code of evidence,[4] the principle embodied in La. Rev.Stat. 15:446 was retained and made *920 more explicit in our Code of Evidence at Article 404(B)(1). That article now provides:
Except as provided in Article 412 [regarding a victim's past sexual behavior in sexual assault cases], evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.
La. Code Evid. art. 404(B)(1) (emphasis supplied).
Simply put, the rule articulated in Article 404(B)(1) prohibits the State from introducing evidence of other crimes, wrongs, or acts to show a probability that the accused committed the charged crime because he is a "bad" person who has a propensity for this type of offense. This court has long recognized that evidence of previous criminal activity does affect, reasonably or not, the opinions of the jurors sitting in judgment. See State v. Moore, 278 So.2d 781, 787 (La.1972) (on rehearing). Therefore, the admissibility of other unrelated misconduct "involves substantial risk of grave prejudice to a defendant." State v. Prieur, 277 So.2d 126, 128 (La. 1973) (citing 1 Wigmore, Evidence, § 194 (3rd ed.)). As we explained in Moore:
If the identity of the accused rapist is in doubt, it is too easy to believe that if he had committed such an offense before he would do so again. Rape is a horrible crime, committed by bad men. If the defendant committed such an offense before, it is too easy to believe that he is a bad man, and capable of the act with which he stands accused.
Moore, 278 So.2d at 787.
Although evidence of other crimes, wrongs, or acts may not be admitted to prove that the accused is a person of criminal character, such evidence "may ... be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident." La. Code Evid. art. 404(B)(1). Still, as we explained in State v. Miller, 98-0301, pp. 3-4, 718 So.2d at 962, several statutory and jurisprudential rules govern the admissibility of other crimes evidence even when one or more of these permitted purposes is asserted.[5] Foremost, at least one of the enumerated purposes in Article 404(B) "must be at issue, have some independent relevance, or be an element of the crime charged in order for the evidence to be admissible."[6] *921 State v. Jackson, 625 So.2d 146, 149 (La. 1993); see also State v. Ledet, 345 So.2d 474 (La.1977). Additionally, the evidence, even if independently relevant, must be excluded if its probative value is substantially outweighed by the dangers of unfair prejudice, confusion of the issues, misleading of the jury, or by considerations of undue delay or waste of time. La.Code Evid. art. 403; see also State v. Moore, 278 So.2d at 786. Finally, the requirements set forth in State v. Prieur, 277 So.2d at 130, must be met. As we succinctly explained in Miller:
[T]he state must, within a reasonable time before trial, provide written notice of its intent to use other acts or crimes evidence and describe these acts in sufficient detail. The state must show the evidence is neither repetitive nor cumulative, and it is not being introduced to show the defendant is of bad character. Further, the court must, at the request of the defendant, offer a limiting instruction to the jury at the time the evidence is introduced. The court must also charge the jury at the close of the trial that the other crimes evidence serves a limited purpose and that the defendant cannot be convicted for any crime other than the one charged or any offense responsive to it.
Miller, 98-0301, pp. 3-4, 718 So.2d at 962.
A so-called "lustful disposition exception" to the evidentiary prohibition of Article 404(B) was recognized in our decision in State v. Acliese, 403 So.2d 665 (La.1981), in which we relied on our jurisprudence dating back to 1903 for the proposition that evidence of prior sex crimes against the prosecuting victim is admissible under an exception to the general rule excluding evidence of other crimes similar to the charged offense. 403 So.2d at 667. In Acliese, the defendant was charged with the aggravated rape of a juvenile, but was found guilty of the lesser included offense of forcible rape. The State had introduced at trial evidence of prior sexual assaults by the defendant on the victim to show his lustful disposition toward her. In affirming the conviction, we acknowledged a rule of nearly universal application permitting the introduction of evidence of other acts of sexual abuse involving the same victim premised upon "the theory ... that the evidence shows the defendant's lustful attitude toward that person." Id., at 668 (quoting 1 Underhill's Criminal Evidence, § 212, p. 647 (6th ed.)) (emphasis added).
Nonetheless, we have consistently restricted this judicially-recognized "lustful disposition" exception to Article 404(B) to evidence of other sexual crimes committed by the defendant against the same prosecuting victim, whether child or adult.[7]E.g., State v. Bailey, 588 So.2d 90 (La. 1991). Otherwise, the State, in seeking to introduce evidence of other crimes, wrongs, or acts of an improper sexual nature must still satisfy the requirements of the Code of Evidence and our jurisprudence. See State v. Jackson, 625 So.2d at 149. Thus, the use of the term "lustful disposition exception" in other contexts is *922 misleading if considered as a general exception to Article 404(B).
In State v. Jackson, supra, and State v. Miller, supra, we sanctioned on a limited basis the introduction of evidence of improper prior sexual conduct in cases of child sexual abuse, but we did so clearly within the constraints of Article 404(B) and the balancing test of Article 403. In Jackson, the defendant was charged with molesting his juvenile granddaughters by kissing them and fondling their breasts. The State sought to introduce the testimony of the defendant's adult daughters that the defendant had also sexually molested them. After finding that molestation of a juvenile is a specific intent crime, in that the state must prove the defendant had the intention of arousing or gratifying the sexual desires of either himself or the victims, see La.Rev.Stat. 14:81.2, we noted that "where the element of intent is regarded as an essential ingredient of the crime charged, it is proper to admit proof of similar but disconnected crimes to show the intent with which the act charged was committed." 625 So.2d at 150 (quoting State v. Cupit, 189 La. 509, 179 So. 837, 839 (1938)). We stated that the other crimes evidence was relevant to "proving that the defendant did not act innocently, and will negate any defense that he acted without intent or that the acts were accidental." 625 So.2d at 150.
Like Jackson, Miller also involved the crime of molestation of a juvenile, an offense that requires the State to prove that the defendant acted with the specific intent to arouse his or the victim's sexual desires. See La.Rev.Stat. 14:81.2. Instead of prior crimes, however, Miller involved merely a lascivious statement. The defendant's specific intent being an element of the offense and a contested issue at trial, this court found that the defendant's highly inappropriate and prurient statement made to a neighbor's child regarding a sexual fantasy involving that child was admissible to reveal the defendant's specific intent to arouse or gratify either his own sexual desire or that of the victims, and was additionally admissible to discount the theory that the charged conduct, which involved the sexual touching of the victims, was an accident. Miller, 98-0301, p. 12, 718 So.2d at 966. The defendant's statement was not a "crime" under our penal code, but we implicitly found that his statement could constitute a "wrong or act" within the meaning of Article 404(B) under the facts of the particular case. We reasoned that the statement was admissible for one of the permitted purposes set forth in Article 404(B), because, under the facts of this case in which specific intent was materially at issue, the statement was relevant to show the defendant's "lustful disposition" towards his young granddaughters and, thus, his specific intent to molest them sexually. Id., 98-0301, p. 13, 718 So.2d at 967. Miller, therefore, permitted the admission of "lustful disposition" evidence involving different victims, i.e., evidence of other crimes, wrongs, or acts, in the context of a specific intent crime in which the critical sexual component may be established by any act of touching, the lasciviousness of which may otherwise be ambiguous and subject to more than one innocent explanation.
Nevertheless, the admission of the other wrongs or acts evidence in both Jackson and Miller complied fully with the requirements of Article 404(B), as well as the aforementioned statutory and jurisprudential rules governing the admission of other crimes evidence. In Miller, for example, the other wrongs or acts evidence was relevant to the issue of specific intent, a key ingredient of the charged offense of molestation in that case; the State proved by clear and convincing evidence that the *923 defendant had made the statement; the State established that it was not introducing the evidence simply to prove the defendant's bad character; and the probative value of the evidence on the issue of intent outweighed the danger of unfair prejudice to the defendant's case. Because we simply applied Article 404(B) to the other crimes evidence sought to be introduced, we did not create in Miller a "lustful disposition exception" in child sexual abuse cases. The law governing the introduction of other crimes evidence in child sexual assault cases thus remains unchanged from that set forth in La. Code Evid. art. 404(B), in which our "legislature prohibits the use of other crimes evidence `to prove the character of a person in order to show that he acted in conformity therewith' unless it meets one of the exceptions stated in Article 404(B) or is otherwise recognized by law." State v. McArthur, 97-2918, p. 10, 719 So.2d at 1043.
With these principles in mind, we turn to the instant case, in which the State argues in brief that the evidence of previous sexual assaults against a different child, allegedly committed some sixteen years earlier, is admissible as proof of the defendant's motive and intent to pursue his "unnatural carnal interest in sexual relations with prepubescent girls." We find that the State's other crimes evidence fits none of the permitted purposes enumerated in Article 404(B). This court has not retreated from its observation in Moore that "the matter in issue must be real and genuine, and not one which the prosecution conceives to be at issue merely because of the plea of not guilty." State v. Moore, 278 So.2d at 785 (citing Archbold, Pleading, Evidence & Practice in Criminal Cases, § 1016 (34th ed.)).[8]
Unlike Jackson and Miller, intent is not an issue in this aggravated rape case. Specific intent is simply not an element of aggravated rape. See La.Rev. Stat. 14:42; State v. McArthur, 97-2918, p. 2, 719 So.2d at 1040; State v. Ledet, 345 So.2d at 478. In general intent crimes, like aggravated rape, the criminal intent necessary to sustain a conviction is established by the very doing of the proscribed acts. State v. Holmes, 388 So.2d 722, 727 (La.1980). General criminal intent exists "when the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act." La.Rev.Stat. 14:10(2). Absent a genuine dispute as to whether the accused intended to commit a charged act, evidence of extraneous crimes is inadmissible for the ostensible purpose of showing such intent. George W. Pugh, et al., Handbook on Louisiana Evidence Law, p. 331 (2000).
The State relies on State v. Driggers, 554 So.2d 720 (La.App. 2nd Cir.1989), in which the appellate court found that evidence of the defendant's previous improper sexual conduct with other victims over a substantial period of time was relevant and admissible at the defendant's trial for multiple counts involving his granddaughter of indecent behavior with a juvenile, a specific intent crime, La.Rev.Stat. 14:81, and aggravated oral sexual battery, a general intent crime, La.Rev.Stat. 14:43.4. The Driggers case, however, does not support the State's argument that "lustful disposition" evidence may be used in the instant case to show the defendant's history of unnatural sexual interest in prepubescent *924 female minors, because intent was genuinely at issue in the Driggers case. With regard to the oral sexual battery charge, the court of appeal in Driggers found that the defendant had placed his "general intent" at issue by claiming to police officers that the charged act, if it did occur, was accidental; therefore, the other crimes evidence tended to show that the "charges against the defendant did not occur by accident, but were intended by him." Driggers, 554 So.2d at 725. That reasoning accords with this court's recognition that evidence of similar offenses may be relevant to show that "the act for which the defendant is on trial was not inadvertent, accidental, unintentional, or without guilty knowledge." State v. Kahey, 436 So.2d 475, 488 (La.1983) (citing McCormick, Evidence, § 190 (Cleary ed. 1972)). Furthermore, Article 404(B) expressly permits the introduction of other crimes evidence to prove the absence of mistake or accident.
The defendant in the instant case, however, has categorically denied the charge. And the circumstances of the instant offense foreclose any possibility, or at least no rational jury could entertain the possibility, that the defendant's penis accidentally found its way into his victim's vagina or that it did so unaccompanied by lascivious intent. Instead, the issue for the jury to decide in this case is whether the defendant did or did not have vaginal intercourse with an underage victim, and not whether he intended to do so.
Nor is motive genuinely at issue in this rape case. In State v. Sutfield, 354 So.2d 1334 (La.1978), we held that the "motive" for a charged offense "must be more than a general one, such as gaining wealth.... [I]t must be a motive factually peculiar to the victim and the charged crime." 354 So.2d at 1337; see also State v. Lee, 569 So.2d 1038 (La.App. 3rd Cir. 1990). In the case of rape, which requires proof of the unequivocally sexual act of sexual penetration "however slight," La. Rev.Stat. 14:41(B), motive and intent are self-proving from the commission of the act itself, and are not material issues genuinely contested at trial. See State v. Moore, 278 So.2d at 784. As we explained in McArthur, "[i]f, as in this case, the other crimes evidence does not tend to show a motive to commit this particular crime against this particular victim, it merely shows a character trait and is inadmissible character evidence." McArthur, 97-2918, p. 3, 719 So.2d at 1042. A history of unnatural sexual interest in young girls is too general an allegation to show that the defendant had a motive particular to this victim and the circumstances of the crime. Instead, given that motive is not genuinely at issue, it is tantamount to an attempt to show that the defendant has improper sexual proclivities and that he must have acted in conformity with them.
The State also argues in brief that the other crimes evidence is admissible as evidence of a "pattern" because the alleged incidents have a number of similarities. However, intent is not genuinely at issue in this case, and evidence of modus operandi to prove identity may only be introduced under narrow circumstances. In State v. Code, 627 So.2d 1373 (La.1993), we set forth the restrictions under which other crimes evidence is admissible to show identity: where the issue of identity of the perpetrator is genuinely in dispute and the crimes involved are "so distinctive as to lead to the conclusion they were the work of the same person." 627 So.2d at 1383. The other crimes evidence sought to be introduced by the State does tend to reveal the defendant's predisposition to assault sexually prepubescent girls under his care and supervision. Such a pattern, however, is fairly typical of sexual assaults *925 against children and is, therefore, far too general to qualify as this particular defendant's "signature." See State v. Ledet, 345 So.2d at 478-79.
Article 404(B) of the Louisiana Code of Evidence is based on Rule 404(b) of the Federal Rules of Evidence, which contains an identical prohibition on the admission of evidence other crimes, wrongs, or acts to prove the character of a person to show that he acted in conformity therewith. As we noted in both Miller and McArthur, the federal rule has been expressly supplanted in cases involving sex crimes against both child and adult victims. Rule 413(a) of the Federal Rules of Evidence provides that "[i]n a criminal case in which the defendant is accused of an offense of sexual assault, evidence of the defendant's commission of another offense or offenses of sexual assault is admissible, and may be considered for its bearing on any matter to which it is relevant." Writing for the court, Justice Victory cautioned in McArthur, "[u]nless and until the legislature changes our statutory law to follow Rule 413(a) of the Federal Rules of Evidence, we will continue to apply the law as it presently exists." McArthur, 97-2918, p. 10, 719 So.2d at 1043. We therefore desist from the exhortation to legislate when our legislature has chosen to leave the law as written.
We recognize, however, that evidence the defendant may have committed similar offenses under similar circumstances, albeit fourteen years before the charged crime, can be relevant and probative to the jury's credibility determinations in a case that principally rests on the testimony of a now ten-year-old victim. Yet, the problem presented by this case is that, because the evidence sought to be introduced does not bear upon an essential element of the offense, and because motive, intent, and identity are otherwise not genuinely at issue, evidence that the defendant has allegedly raped another female child placed under his supervision on a prior occasion is but another way of demonstrating that he has the propensity to commit such crimes and that the act charged against him probably occurred just as the present victim claims. Such prior sexual misconduct evidence, despite having certain relevance and probative value, is nonetheless inadmissible as a matter of the explicit statutory injunction in La. Code Evid. art. 404(B), that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith," unless the State is able to demonstrate that the other crimes evidence is independently relevant under either a statutory or judicially-recognized exception to this general exclusionary rule.

DECREE
Because the State has failed to make the required showing for the admissibility of the other crimes evidence, we find the State has not satisfied its burden of proof under La. Code Evid. art. 404(B) and State v. Prieur. Accordingly, we find the court of appeal correctly applied Louisiana law governing the admissibility of evidence of other crimes, wrongs, or acts. The court of appeal's decision reversing the district court's pretrial ruling is affirmed, and the case is remanded to the district court for further proceedings.
AFFIRMED AND REMANDED.
VICTORY, J., concurs and assigns reasons.
TRAYLOR, J., dissents and assigns reasons.
VICTORY, J., concurring with reasons.
As tempting as it is to provide a badly needed reform in our law to combat the *926 epidemic of pedophilia in this country, I agree with the Chief Justice's views that it is improper for us to legislate in this matter. However, and though the majority says we have consistently applied this law for 30 years, this Court has not always declined to legislate, even in this area, as is illustrated by State v. Acliese, 403 So.2d 665 (La.1981), cited by the majority. There, this Court, without any exception found in Louisiana statutory law, applied its own jurisprudentially created exception to the other crimes evidence rules to allow prior crimes against the same victim in a general intent case where intent was not an issue. Applying the law as written by the Legislature, unless it is unconstitutional, is mandated by our law, and it is refreshing to have the majority explicitly acknowledge the principle in such a forceful way.
That being said, let me take this opportunity to point out that our Legislature should consider changing the law in this area to allow for the admissibility of evidence like that at issue in this case. This change in the law has already taken place in federal law and the majority of state jurisdictions around the country. Our current law allows the admissibility of other crimes evidence in specific intent crimes, such as molestation of a juvenile, but denies its admissibility in general intent crimes, such as aggravated rape. And, unbelievably, this evidence would be admissible here under State v. Miller, 98-0301 (La.9/9/98), 718 So.2d 960, if the defendant was charged with only attempted aggravated rape, a specific intent crime, rather than the completed general intent crime of aggravated rape.
TRAYLOR, J., dissenting.
The admission of previous sexual assaults against a different child victim to show "lustful disposition" is a valid exception to the general rule barring introduction of other crimes evidence at trial. This Court has approved the broader interpretation of the "lustful disposition" exception with respect to sexual offenses, including aggravated rape, that are committed against child victims. Additionally, the similarities between the prior offenses and the instant offense warrant the admissibility of other crimes evidence to prove plan, design or system under La.Code Evid. 404(B) and the probative value of the prior acts outweighs their prejudicial effect. For these reasons, I dissent.

The "Lustful Disposition" Exception
As the majority correctly notes, in cases involving adult victims, other crimes evidence has been inadmissible in Louisiana to prove intent or negate accident in cases of aggravated rape. Moore, 278 So.2d at 781; McArthur, 719 So.2d at 1039-40. In holding the evidence inadmissible, we distinguished Miller by noting that the lustful disposition exception "can only be applied in certain cases involving sex crimes against children." McArthur, 719 So.2d at 1040.
In child sexual abuse cases, the courts of appeal have applied the lustful disposition exception for both general and specific intent crimes, including aggravated rape of children, although the specific enumerated factor of La.Code Evid. 404(B), such as motive, intent, plan, or system, has varied in classification.[1] As we recognized in *927 Miller, "Louisiana has followed the national trend towards broader admissibility of other crimes evidence in cases involving alleged sexual abuse of minor children." 718 So.2d at 962; see PUGH ET AL, HANDBOOK ON LOUISIANA EVIDENCE LAW 328 (2000). We discussed the special issues raised by child victims of sex crimes:
Child sexual abuse cases raise special concerns for the judicial system not present in other criminal cases. Frequently, in cases involving the sexual abuse of children, the offense takes place in secret, the victim is young, vulnerable, and reluctant to testify, and there is often no physical or other evidence the abuse took place. As a result, special laws and rules have been passed to address the unique concerns presented in these types of cases.
Miller, 718 So.2d at 962.
In this case, the majority agreed with the Fifth Circuit's attempt to distinguish this Court's decision in Miller on the basis that an essential element of the crime, namely specific intent, was not at issue in this case. I disagree with the categorical distinction on the basis of specific versus general intent crimes for the purpose of applying the "lustful disposition" exception.
The majority explains that we must await the legislature's explicit amendment of La.Code Evid. 404 to allow admissibility of other crimes evidence under a lustful disposition exception. In reaching this conclusion, the majority relies on La. 15:445-446 for the proposition that other crimes evidence is only admissible to prove intent, knowledge or system. However, under that statute, this Court has historically broadened existing statutory criteria for admitting other crimes evidence. Certain jurisprudential exceptions to the general bar against other crimes evidence evolved while interpreting articles La. R.S. 15:445-446, the predecessors to La.Code Evid. 404, on which the majority relies so heavily for its reasoning. This Court discussed these exceptions in State v. Kahey, 436 So.2d 475, 487-88 (La.1983):
Aside from the related offenses admissible as part of the res gestae and convictions admissible for impeachment purposes, Louisiana statutes provide for only three instances where other crimes evidence is "substantially relevant" such as to qualify as an exception to the general rule of exclusion: acts relevant to show intent, knowledge, or system. La. R.S. 15:445, 446. State v. Harris, supra,[ 64775 (La. 1980), 383 So.2d 1]. Admission of another crime committed by the same "system" as the offense charged might also be relevant to show the identity of the defendant as the offender. State v. Talbert, 416 So.2d 97 (La.1982); State v. Hatcher, 372 So.2d 1024 (La.1979); State v. Harris, supra; State v. Waddles, 336 So.2d 810 (La. 1976). Other jurisprudentially recognized exceptions include other crimes evidence introduced to show motive, State v. Lafleur, 398 So.2d 1074 (La. 1981), State v. Sutfield, supra, State v. Dowdy, 217 La. 773, 47 So.2d 496 (1950), prior sex crimes committed against the same prosecutrix, State v. Acliese, 403 *928 So.2d 665 (La.1981) and cases cited therein, and evidence of criminal acts of the accused constituting admissions by conduct intended to obstruct justice or avoid punishment for the present crime, State v. Burnette and Granger, 353 So.2d 989 (La.1977).
The comments to art. 404 provide:
(k) The first sentence of Paragraph B of this Article is not intended to change the law. See State v. Prieur, 277 So.2d 126 (La.1973); Art. 1103, infra. Although the second sentence of Paragraph B contains a longer list of purposes for which evidence of other crimes is admissible than that found in former R.S. 15:445-446, it generally accords with the rules actually applied by the Louisiana courts. State v. Kahey, 436 So.2d 475 (La.1983).
The comments to art. 404(B) indicate an intent to apply both the statutory and jurisprudential exceptions as created by Louisiana courts while interpreting former articles 15:445-446.
The majority's mechanical application of La.Code Evid. 404(B) ignores the jurisprudential "lustful disposition" exception that has existed since before Moore. The application of a lustful disposition exception in child abuse cases has been applied as far back as 1938 in State v. Cupit, 189 La. 509, 179 So. 837 (1938), followed in our courts of appeal, explicitly affirmed in cases involving child victims of sexual abuse by this Court in Miller, and acknowledged as an exception to article 404(B) itself in McArthur.[2] Thus, a reasonable interpretation of 404(B) and its accompanying comments suggests that the legislature intended to continue application of the jurisprudentially created lustful disposition exception under the expanded list of factors provided by the enactment of 404(B).[3]
The majority's reasoning also departs from the explicit rule at the federal level as well as several state courts considering the issue.[4] A review of other jurisdictions illustrates that the majority of states follow the "lustful disposition" exception for other crimes evidence in sexual offense cases, although the implementation of the exception varies in scope. See Thomas J. Reed, Reading Gaol Revisited: Admission of Uncharged Misconduct Evidence in Sex Offender Cases, 21 AM.J.CRIM. L. 127, 168 (1993). In cases involving sexual abuse of children, state courts construe the exception broadly, allowing the admission of prior sexual acts to show the defendant's general sexual disposition.[5]
*929 In the absence of any special statutory rules targeted for prosecution of sexual assault involving children, the general rules in La. Code Evid. art. 404(B) governing evidence of other similar crimes or acts are shaped by the particular policy concerns regarding crimes against children. Our legislature has indicated its intent to protect children in the first instance, relaxing the evidentiary rules to accommodate the particular nature of the child victim in cases of hearsay admissibility and right of confrontation issues.[6]
Consider the anomaly created in restricting application of the lustful disposition exception to specific intent crimes. With a bright line rule of specific intent as the requirement for admissibility in child sexual assault cases, other crimes evidence becomes admissible in attempted aggravated rape, or charges of molestation of a juvenile, but cannot be offered in the more grievous crime of aggravated rape of a child under 12. Thus, defendants who fail to accomplish sexual intercourse with the child are more likely to be faced with evidence of their prior sexual acts at trial; while those who succeed in achieving sexual penetration of a child face no questions of their prior sexual behavior, regardless of relevance. Surely the legislature did not intend that result when endorsing the application of statutory and jurisprudential exceptions to inadmissibility of other crimes evidence when enacting La.Code Evid. 404(B).
As this Court recognized in McArthur, the holding from Miller stands for the proposition that evidence of lustful disposition is applicable in cases involving sexual abuse of children, without the requirement that intent necessarily be at issue. Additionally, the evidence in this case fits within one of the 404(B) factors, is independently relevant, and more probative than prejudicial.

Application of 404(b) Factors
Aggravated rape is a general intent crime. La.Rev.Stat. 14:41; La.Rev.Stat. 14:42; see Moore, 278 So.2d at 784 (interpreting former article 15:444)(on rehearing). Thus, the State must establish that the defendant voluntarily did the act to prove intent.[7] In the circumstances of this *930 case, the defendant has not claimed accident or mistake; he has admitted his presence at the scene immediately before and after the alleged rape, but denies his participation in the crime. The defendant, in his statements to police at the scene of the crime and in subsequent statements to police during their investigation, has maintained that a neighbor on a bike committed the aggravated rape of the victim.[8] The victim corroborated the defendant's statements in the initial police investigation. Thus, unlike the facts in Ledet and Moore, the State has not relied on a mere guilty plea and "credit[ed] the accused with a fancy defense in order to rebut them at the outset ..." 345 So.2d at 478.
In adult cases involving aggravated rape, the issue generally revolves around consent, and thus, no one disputes that sexual intercourse, however slight, was perpetrated by the defendant. Because the act is established by both parties admitting that it occurred, intent is generally not at issue. See 2 Wigmore on Evidence, § 357, at 334 (Chadbourn rev. 1979). The victim's testimony, standing alone, can prove that the act occurred, and thus, no further evidence of intent is necessary. See Ledet, 345 So.2d at 478; Acliese, 403 So.2d at 670 (Dixon, J., dissenting)(discussing Moore).[9]
On the other hand, in cases involving aggravated rape of children, consent is moot. Rather, in the typical scenario, the defendant denies any act of intercourse occurred at all. In contrast, in this case, both the defendant and the child victim agree that a rape occurred, however, the parties dispute who committed the act. Unlike the adult rape cases discussed in Moore and Ledet, the participation of the defendant in this crime is at issue.[10]
In State v. Hatcher, this Court discussed the unusual circumstances, such as those presented in this case, in which the issue of whether the defendant committed a crime justifies the admissibility of the other crimes evidence:
It may be argued that proof of a design, plan, system or scheme is completely foreclosed except where continuity of the offense, knowledge or intent is a material issue in the case. La.R.S. 15:446 provides that "where the offense is one of a system, evidence is admissible to prove the continuity of the offense, and the commission of similar offenses for the purpose of showing guilty knowledge and intent, but not to prove the offense charged." However, it appears more likely that the legislature intended to prohibit the introduction of evidence of a design or scheme in cases in which the evidence has no substantial relevance other than to demonstrate criminal propensity. Since the Occurrence of a crime is not genuinely at issue in most prosecutions, evidence of design, plan, system or scheme usually will be inadmissible except to show knowledge *931 and intent. But in the few cases in which the actual occurrence of crime is genuinely at issue, the design evidence has relevance independent of the defendant's propensity and should be admitted if it meets all of the other tests. In accord with general authority, Louisiana courts have admitted other crimes evidence for purposes other than those listed in the statutes. See State v. Sutfield, 354 So.2d 1334 (La.1978).
For many of the same reasons that the evidence meets the first four tests, the trial judge was not clearly erroneous in his determination that the probative value of the other crimes evidence outweighed its prejudicial effect. It was not manifestly wrong to conclude that the likelihood that the jury would consider the evidence as tending to prove the very doing of the sexual act in question by virtue of inference from the existence of a general design or scheme manifested by peculiarly distinctive modus operandi was greater than the risk that the jury would short circuit the process and convict the defendant because of bad character or propensity toward crimes against nature.
Our opinion today is in some respects inconsistent with the language, but not the holdings, of State v. Frentz, 354 So.2d 1007 (La.1978); State v. Jackson, 352 So.2d 195 (La.1977); and State v. Ledet, 345 So.2d 474 (La.1977). Some of the statements in those opinions suggest that a defendant's design, scheme, plan or system may be relevant to prove identity or intent, when either is an issue in the case, but that it is never relevant to prove the very doing of the act charged. These statements were too broad in light of the well established principles set forth above. In an unusual case, such as the present one, in which the defendant causes the very doing of the act to become a genuine issue, his design, scheme, etc., may be relevant to that issue. Nevertheless, Frentz, Jackson, and Ledet were each decided correctly and remain solid precedent for the application of the basic principles undergirding the decisions.
372 So.2d at 1035 (emphasis added).
While acknowledging the varying degrees of similarity necessary to prove intent, identity, or occurrence of a crime, the similarities between the charged offense and prior offenses in this case warrants the admissibility of other crimes evidence to show system, design, and plan. As this Court has previously stated, "the jurisprudence of our state and of the majority of other jurisdictions appears to define crimes of a `system' as those acts and offenses which are of a like nature and exhibit like methods or plans of operation." State v. Spencer, 257 La. 672, 243 So.2d 793 (1971), overruled on other grounds, 347 So.2d 221 (La.1977). In a rape case, the other crimes evidence "should indicate, by common features, a plan or design which tends to show that it is carried out by doing the very act charged ... a single, previous act, even upon another woman, may, with other circumstances, give strong indication of a design (not a disposition ) to rape...." Wigmore, § 357, at 335.
Ms. Logan, the defendant's godchild, testified that the defendant raped her on three occasions when she was in the defendant's temporary custody during the summer of 1984. According to Ms. Logan, she was eight or nine years old at the time of the rapes which occurred while she and the defendant were alone in his house or while other people in the house were asleep.
The State then called the victim of the charged crime who testified that before the offense at issue, the defendant, her stepfather, had raped her in the bathroom *932 of their house while her younger brother was asleep. She also indicated that the defendant had raped her in her bedroom and in her mother's bedroom when they were alone in the house.
Accordingly, the instant offense and the prior offenses both occurred in the defendant's home while the young victims were in the defendant's custody and while other family members were absent or sleeping. Although these similarities appear to be common characteristics of most sex offenses given that cases involving the sexual abuse of children frequently occur in secret, the commonality does not destroy their relevance when the crux of the case depends on the credibility of a child. See Miller, 718 So.2d at 962.
In addition, we note the particularities put forth in this case. Both children were directed to bathe after an alleged rape that caused bleeding in the genital area. Both children were raped with the same clothing configuration; shirt on, shorts off. Both children were withdrawn or kept out of school to accomplish one of the rapes and directed to lie to cover up the alleged incident. These similarities show a plan or system that the defendant developed to systematically engage in nonconsensual relations with prepubescent young girls in his custody or control. See Jackson, 625 So.2d at 150.

Probative Value Versus Prejudicial Effect
Where the defendant categorically denies that the act occurred, evidence that the defendant committed similar offenses under similar circumstances is highly relevant and probative in a case which principally rests on the testimony of a now ten-year-old victim. In fact, the rationale for relaxing the general strictures against other crimes evidence in cases of sex crimes against children is that the evidence will overcome a jury's natural reluctance to believe that such abhorrent acts may occur and to satisfy any reservations jurors may have about the capacity of the child victim to perceive and relate accurately events of such a traumatic nature. See, e.g., Christie I. Floyd, Admissibility of Prior Acts Evidence in Sexual Assault and Child Molestation Cases in Kentucky: A Proposed Solution that Recognizes Cultural Context, 38 BRANDEIS L.J. 133, 151 (1999-2000) (discussing cultural pattern of recognition and disbelief regarding sexual violation of women and children); Leslie Feiner, Criminal Law: The Whole Truth: Restoring Reality to Children's Narrative in Long-term Incest Cases, 87 J.CRIM.L.&CRIMINOLOGY 1385, 1387 (1997)(noting that "despite an increased recognition that child molestation is a pervasive problem in society, there is also a clear message that the main, and often only witness to this kind of crime, may not be credible.").
The credibility of the victim will undoubtably be the main issue at trial. During the Prieur hearing, defendant proffered several statement transcripts in which the victim initially denied that her stepfather committed the charged crime. The defense also proffered the results of a psychological examination after the crime to that concluded the victim lacked credibility as a witness.
The fact that the other acts or crimes happened sixteen years before the charged offense is not sufficient, in and of itself, to require the exclusion of the evidence. Remoteness in time, in most cases, is only one factor to be considered when determining whether the probative value of the evidence outweighs its prejudicial effect. A lapse in time goes to the weight of the evidence, rather than to its admissibility. See Jackson, 625 So.2d at 149; State v. Cupit, 189 La. 509, 179 So. 837 (1938).
Further, although the defendant is not directly related to the victim, the defendant *933 is quite familiar with the individuals involved to investigate any credibility issues. Ms. Logan was the daughter of his ex-wife's cousin, and in fact, lived with the defendant for a period of time. See Miller, 718 So.2d at 967 (holding that prejudice was lessened because the victim, while not a relative, was also not a stranger, as the daughter of defendant's neighbor).
For the above reasons, I respectfully dissent.
NOTES
[*] Melvin A. Shortess, Associate Justice ad hoc, sitting for Associate Justice Jeannette T. Knoll, recused.
[1] By Acts 1997, No. 898 and 757, the legislature made capital the crime of aggravated rape of a child under the age of twelve years, providing for a punishment of "death or life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence, in accordance with the determination of the jury." La.Rev.Stat. 14:42(D)(2)(a).
[2] The State also moved to introduce evidence of the defendant's alleged sexual assaults on the instant victim prior to the March 2, 1998 charged conduct. The district court ruled that evidence of the first incident described by the victim could be introduced at the defendant's trial for aggravated rape, but that evidence of the two other incidents was insubstantial and, thus, could not be admitted at trial. The court of appeal affirmed these rulings, and neither party has sought writs thereon.
[3] Former La.Rev.Stat. 15:446, entitled "Evidence where knowledge or intent is material and where offense is one of system," provided:.

When knowledge or intent forms an essential part of the inquiry, testimony may be offered of such acts, conduct or declarations of the accused as tend to establish such knowledge or intent and where the offense is one of a system, evidence is admissible to prove the continuity of the offense, and the commission of similar offenses for the purpose of showing guilty knowledge and intent, but not to prove the offense charged.
[4] La. Acts 1988, No. 515, § 1, effective January 1, 1989, enacted the Louisiana Code of Evidence. Section 8 of that Act, repealed La.Rev.Stat. 15:446.
[5] As to the requisite burden of proof, we noted in State v. McArthur, 97-2918 (La.10/20/98), 719 So.2d 1037, and more recently in State v. Cotton, 00-0850 (La.1/29/01), 778 So.2d 569, that Article 1104 of the Louisiana Code of Evidence was added in 1994 to provide that "the burden of proof in a pretrial hearing held in accordance with State v. Prieur, 277 So.2d 126 (La.1973), shall be identical to the burden of proof required by Federal Rules of Evidence Article IV, Rule 404." We need not reach the burden of proof issue today, because we find that the other crimes evidence is not admissible under any of the permitted purposes enumerated in Article 404(B).
[6] This rule has its source in La.Rev.Stat. 15:435, which provided that "[t]he evidence must be relevant to the material issue." State v. Moore, 278 So.2d at 785. As the court explained in Moore, La.Rev.Stat. 15:435 was based on the English common law provision that "`nothing may be given in evidence which does not directly tend to the proof or disproof of the matter in issue.'" 278 So.2d at 785 (quoting Archbold, Pleading, Evidence & Practice in Criminal Cases, §§ 1015, 1016 (34th ed.)) (emphasis in original).
[7] Even then, there may be independent Article 404(B) or other purposes justifying the introduction of evidence of prior sexual assaults against the same victim. For example, in State v. Talbert, 416 So.2d 97 (La.1982), we reasoned that the defendant's prior rape of the same victim was admissible to prove the "defendant's intent to have sexual intercourse without the victim's consent." Id. at 100.
[8] We further observed in Moore that "[t]he prosecution cannot credit the accused with fancy defenses in order to rebut them at the outset with some damning piece of evidence." 278 So.2d at 785 (quoting R. v. Thompson, (1918) A.C. 221, 232).
[1] See State v. Tyler, 619 So.2d 807, 811-12 (La.App. 1 Cir.1993), writ denied, 624 So.2d 1225 (La.1993) (allowing evidence that defendant raped his nieces in their preteen years in aggravated rape of defendant's stepdaughter for purposes of motive, plan and victim credibility); State v. Howard, 520 So.2d 1150, 1154 (La.App. 3 Cir.1987), writ denied, 526 So.2d 790 (La.1988) (allowing evidence of previous sexual assaults against a daughter at a period of time analogous to the current victim (preteen years) and under similar circumstances to demonstrate "motive and plan to systematically engage in nonconsensual relations with his daughters as they matured physically"); State v. Boudreaux, 95-153 (La.App. 5 Cir. 9/20/95), 662 So.2d 22, writ denied, 96-0840 (La.5/30/97), 694 So.2d 233 (allowing testimony of victim's oldest sister that defendant molested her in rape charge regarding youngest daughter to show defendant's systematic plan, opportunity and motive); see also Miller, 718 So.2d 960, 965 n. 8 & 9 (listing court of appeal cases).
[2] In McArthur, we concluded that "[t]he judicially created `lustful disposition' exception to Article 404 of the Louisiana Code of Evidence only applies in certain cases involving child sexual abuse." 719 So.2d at 1043 (emphasis added).
[3] Rules of statutory interpretation, where unambiguous, require application of the law as written, regardless of legislative intent. In the realm of criminal statutory interpretation, provisions are to be given a genuine construction, according to the fair import of words. La.Rev.Stat. 14:3; State v. Robertson, 241 La. 249, 128 So.2d 646, 648 (1961). If the statute is clear and unambiguous, it is to be applied as written by the legislature. State v. Barbier, 98-2923 (La.9/8/99), 743 So.2d 1236, 1238. Accordingly, the longer list in art. 404 necessarily allows a broader range of purposes than the strict wording of former 15:445-446.
[4] Federal Rule of Evidence 404(b) contains a rule identical to La. Code Evid. art. 404(B), but the federal rule has been expressly supplanted in cases involving sex crimes against adult victims as well as children by Federal Rules of Evidence 413, 414, and 415. These three rules permit trial courts to admit other crimes evidence in sexual assault and child molestation prosecutions.
[5] See, e.g., Ryan v. State, 226 Ga.App. 180, 486 S.E.2d 397, 398 (1997) (holding that "in crimes involving sexual offenses, evidence of similar previous transactions is admissible to show the lustful disposition of the defendant and to corroborate the victim's testimony"); State v. Phillips, 123 Idaho 178, 845 P.2d 1211, 1214 (1993) (affirming "lustful disposition" exception to demonstrate a defendant's "general plan" to "exploit and sexually abuse" young women, and to corroborate the complainant's credibility, because the defendant's not guilty plea "places the credibility of the victim squarely in issue for the jury to decide"); State v. Morey, 722 A.2d 1185, 1189 (R.I.1999) (citing to "an `almost universally recognized' exception to [Rhode Island] Rule 404(b) for the admission of evidence of uncharged sexual misconduct to show `lustful disposition or sexual propensity'"); State v. Tabor, 191 Wis.2d 482, 529 N.W.2d 915, 918 (Ct.App.1995) (affirming that "it is the law in Wisconsin that `a greater latitude of proof is to be allowed in the admission of other-acts evidence in sex crimes cases, particularly in those involving incest and indecent liberties with a minor child.'"); see also Miller, 718 So.2d 960, 963 n. 4 & 5 (listing other jurisdictions).
[6] See, e.g., La.Rev.Stat. 15:440.1 (allowing videotaped statements made by a child victim of sexual abuse to be admissible in evidence); La.Rev.Stat. 15:283 (allowing a child abuse victim under the age of 14 to testify by closed circuit television outside of the courtroom so that he or she will not have to directly face the accused); La. Code Evid. art. 804(B)(5) (providing a special hearsay exception for a statement made by a person under the age of 12 years, unavailable as a witness, if the statement is one of initial or otherwise trustworthy complaint of sexually assaultive behavior).
[7] The State must establish that, in the ordinary course of human experience, the defendant must have adverted to the prescribed criminal consequences as reasonably certain to result from his actions. See La.Rev.Stat. 14:10(2).
[8] According to the police records and defendant's statements, which were ruled admissible by the trial court in a Motion to Suppress Hearing, the defendant called 911 to report that his stepdaughter had been raped and gave a description of the perpetrator after the police arrived.
[9] However, we have also ruled post-trial that impeached testimony of a witness, standing alone, cannot prove the offense. Thus, the State is faced with a Catch-22: proof of defendant's intent cannot be offered to establish that the act occurred, yet the State potentially cannot rely on the impeachable testimony of the child victim as the sole proof that the act occurred.
[10] In Ledet, this Court concluded that "when there is no contest at all over the participation of the accused in the alleged incident, but the only question is whether any crime at all took place, evidence of extraneous offenses ... is inadmissible." 345 So.2d at 479.