814 So.2d 113 (2002)
STATE of Louisiana, Appellee,
v.
Jerry ZORNES, Appellant.
No. 34,070-KA.
Court of Appeal of Louisiana, Second Circuit.
April 3, 2002.
*114 Peggy J. Sullivan, Louisiana Appellate Project, Counsel for Appellant.
Richard Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, Edwin L. Blewer, III, Tommy J. Johnson, Assistant District Attorneys, Counsel for Appellee.
Before BROWN, GASKINS and CARAWAY, JJ.
BROWN, J.
This court previously affirmed Jerry Zornes' aggravated rape conviction and mandatory life sentence in State v. Zornes, 34,070 (La.App.2d Cir.12/06/00), 774 So.2d 1062. The supreme court, in State v. Zornes, 01-0112 (La.01/21/01), 801 So.2d 1082, granted defendant's writ application in part and remanded the matter to this court, "for reconsideration of defendant's assignment of error number two, challenging the trial court's ruling which permitted evidence at trial of (defendant's) sexually assaultive behavior with another minor victim and member of his family, in light of State v. Kennedy, 00-1554 (La.04/03/01), 803 So.2d 916." We have reconsidered this issue and, under the facts of this case, find no merit to the assignment of error and therefore affirm the conviction.
The court in State v. Kennedy, 803 So.2d at 920, noted that, for evidence of other crimes to be admissible, "at least one of the enumerated purposes in article 404(B) [of the Louisiana Code of Evidence] must be at issue, have some independent relevance, or be an element of the crime charged ..." The court further noted that intent is not at issue when specific intent is not an element of the charged offense. Aggravated rape is a general intent crime. Thus, in State v. Kennedy, and in this case as well, intent is not an issue.[1]
In this case, however, defendant alleged that the entire incident was fabricated. Thus, the occurrence of a crime was at issue. Defendant's sexually assaultive behavior on the victim's half-sister was virtually identical. This improper sexual conduct was carried out in the same manner, place and time as the charged offense. *115 In both cases, the young children were in defendant's home and in his custody. Although the criminal conduct involving the older half-sister started earlier than the behavior in the charged offense, it continued to occur during the same time frame. The similarities warrant admissibility to show the occurrence of a crime through a common design. State v. Jackson, 625 So.2d 146 (La.1993).
As already noted, following State v. Kennedy, supra, the legislature enacted La. C.E. art. 412.2 for the purpose of allowing evidence of (an)other offense(s) in sexual assault cases or in cases involving sex offenses against minors regardless of whether the charged offense is a general intent or specific intent crime. This legislative decision corresponds to the suggestion set forth in the concurrence of Justice Victory in State v. Kennedy, supra at 925-926.
A reversal would necessitate a new trial and, unless ex post facto, La.C.E. art. 412.2 would allow evidence of other acts committed by defendant on the victim's half-sister at retrial. See Carmell v. Texas, 529 U.S. 513, 120 S.Ct. 1620, 146 L.Ed.2d 577 (2000).
Defendant's conviction and sentence are AFFIRMED.
CARAWAY, J., concurs with written reasons.
CARAWAY, J., concurring.
I respectfully concur with the majority's ruling.
In our original opinion, we found that the other crimes evidence was admissible because the molestation and rape of M.S. was carried out in the same manner, place and time period as the charged offense which was committed against S.Z., the younger sister of M.S. The thorough review of the admissibility of such evidence of other sex crimes in State v. Kennedy, XXXX-XXXX (La.4/3/01), 803 So.2d 916, convinces me that we were in error to sanction the use of this other crimes evidence in the trial of this general intent crime of aggravated rape. The supreme court ruled that:
The other crimes evidence sought to be introduced by the State does tend to reveal the defendant's predisposition to assault sexually prepubescent girls under his care and supervision. Such a pattern, however, is fairly typical of sexual assaults against children and is, therefore, far too general to qualify as this particular defendant's "signature."
Id. at 924-925. For this and all other reasons set forth in Kennedy, trial court error occurred.
Nevertheless, in another aggravated rape case where similar evidence of other sex crimes was improperly admitted, the supreme court recently affirmed the conviction using a harmless error analysis. State v. Maise, XXXX-XXXX (La.1/15/02), 805 So.2d 1141. A judgment shall not be reversed by an appellate court because of any error which does not affect substantial rights of the accused. La.C.Cr.P. art. 921. In determining whether the admission of the evidence was unattributable to the verdict, and therefore harmless error, the factors for consideration are:
(1) the importance of the witness's testimony;
(2) the cumulative nature of the testimony;
(3) the existence of corroborating or contradictory evidence regarding the major points of the testimony;
(4) the extend of cross-examination permitted; and
(5) the overall strength of the state's case.
State v. Maise, supra.
Apart from S.Z.'s testimony of the actual crime, which was very detailed, the *116 strength of the state's case also rested on other significant evidence. S.Z. testified that the defendant's molestation of her had occurred on many occasions other than the night in question. This fact serves to discredit the defense's contention that the crime could not have occurred in the relatively short period of time after the defendant and S.Z. were dropped off at their home by Ben Dupont and before Mrs. Zornes returned home. The testimony of Mrs. Zornes provided strong evidence that corroborated her young child's testimony. She described her attempt to enter the completely darkened house upon finding the door chain latched. She slid her hand through the slightly opened door, reached the light switch, and turned on the lights at the entrance area, calling to her husband and daughter. S.Z. came to the door, and according to Mrs. Zornes, "she looked like something was wrong." She was "very upset." S.Z. had tears in her eyes. When Mrs. Zornes questioned S.Z. through the small door opening concerning her crying, S.Z. tried to deflect the questioning by saying that she was watching television; yet Mrs. Zornes could see through the doorway that the living room was still dark and the family's only television was turned off. Finally, the defendant appeared and unlatched the door chain while S.Z. hurried into the bathroom, locking the door. Immediately upon confronting S.Z. alone in the bathroom, Mrs. Zornes discovered what appeared to be fresh blood stains on S.Z.'s night shirt, and finally S.Z. accused the defendant of hurting her. Additional direct evidence of the rape was supplied by Elizabeth Kindon, an employee with the fire department. She examined S.Z. later that evening and found large red and swollen areas around S.Z.'s vagina and anus, along with dried blood.
After consideration of the strength of the state's case, I do not find that the testimony of M.S. was important to enhance the sufficiency of proof of any element of the state's case concerning the aggravated rape of S.Z. Therefore, it is totally cumulative. Even as to the sufficiency issue of sexual penetration raised by the defendant and addressed in our initial ruling, the testimony of M.S. was unnecessary and the conviction certainly stands overwhelmingly on the evidence reviewed above. Accordingly, I find harmless error regarding the improperly admitted testimony of M.S.
NOTES
[1] We also note that, following the State v. Kennedy decision, the legislature enacted La. C.E. art. 412.2. This article implicitly overruled Kennedy "when an accused is charged with a crime involving sexually assaultive behavior or with acts that constitute a sex offense involving a victim who was under the age of seventeen at the time of the offense..." La.C.E. art. 412.2.