949 So.2d 556 (2007)
STATE of Louisiana, Appellee
v.
Michael Lee WALLACE, Appellant.
No. 41,720-KA.
Court of Appeal of Louisiana, Second Circuit.
January 24, 2007.
*557 Laura Pavy, Louisiana Appellate Project, for Appellant.
Michael Lee Wallace, pro se.
Paul J. Carmouche, District Attorney, Tommy J. Johnson, Ron Christopher Stamps, Philip Jason House, Assistant District Attorneys for Appellee.
Before GASKINS, CARAWAY and LOLLEY, JJ.
CARAWAY, J.
The defendant, Michael Lee Wallace, was convicted by a jury of indecent behavior with a juvenile. He was sentenced as a second felony offender to serve 14 years' imprisonment at hard labor without benefits. In this appeal, he assigns as error the use of evidence of his prior convictions of similar crimes. For the following reasons, the conviction is affirmed and the sentence is affirmed as amended.

Facts
In late June 2001, Michael Wallace lived with his girlfriend LaTonya McClain (aka LaTonya Welch), at her home in Shreveport. At that time, McClain's 8-year-old grandniece, H.Y., was staying at the home as a guest. H.Y. testified that early in the morning, she was lying in bed when Michael Wallace came into her room, pulled down her panties, patted her bottom, and put one of his fingers into her vagina. H.Y. saw Wallace's face during the episode. H.Y. told her aunt and her sister about these events. Upon returning home, she reported the incident to her mother. On July 3, H.Y. told her story to an investigative interviewer who videotaped the child's statement.
As a result of H.Y.'s report, the state charged Wallace with indecent behavior with a juvenile. Wallace had two prior convictions from 1994 for sexual battery involving juvenile victims. The state notified Wallace of its intent to use these prior convictions in the instant proceeding. The state's motion stated that the purpose of using the evidence was to show Wallace's intent, namely his lustful disposition against children, and to show that the offenses were part of a system of crimes committed by Wallace. Wallace filed a motion in limine in an effort to exclude this evidence, but the court denied the motion.
The case was tried before a jury in July 2004. The jury saw H.Y.'s videotaped statement and heard her testimony as well as that of the interviewer, H.Y.'s mother, and two police officers.
In addition, the state presented evidence that Wallace had previously engaged in improper sexual contact with minor females. This evidence included copies of the records of Wallace's prior convictions. The state also presented the testimony of Wallace's niece, J.Y., who was 22 years old *558 at the time of the trial. J.Y. testified about her experiences with Wallace between July 1992 and January 1993 when she was 10 or 11 years old. At the commencement of J.Y.'s testimony, Wallace objected to the admission of her testimony on the grounds that it was more prejudicial than probative under La. C.E. art. 403 and thus improper under La. C.E. art. 412.2. The court overruled this objection for the reasons it had given for the denial of the earlier pre-trial motions.
After the trial court denied Wallace's objection to the testimony, J.Y. testified that Wallace lived in J.Y.'s home with J.Y. and the child's mother and father. J.Y. testified that on one summer day in 1992:
. . . I went into the girls' dressing room to get dressed to go swimming, and after a little bit he [Wallace] came back into the girls' dressing room while I was dressing and started to take whatever clothes I had already put on off and penetrate me with his fingers in my vagina. And that went on every night just about until February. . . .
J.Y. also stated that Wallace performed oral sex upon her. J.Y.'s parents discovered this when the child's father found Polaroid pictures taken by Wallace of J.Y. naked "and [Wallace] performing some acts on [J.Y.]" As a result of Wallace's conduct with J.Y. and another juvenile female, the state charged Wallace with two counts of sexual battery in 1993. Wallace pled guilty to those charges in May 1994, and received a three-year suspended sentence.
After J.Y.'s testimony and after introducing Wallace's prior convictions, the state rested its case. The defendant called only one witness to testify, LaTonya McClain, H.Y.'s great-aunt and Wallace's girlfriend at the time of this incident. McClain testified concerning an incident where she and Wallace attempted to fit the child with an improvised bathing suit. The incident occurred around the time of the reported crime while H.Y. was staying with McClain. The pants used for H.Y.'s bathing suit fell down as Wallace was adjusting the drawstrings. McClain described the incident as an innocent event in contrast to H.Y.'s report of the incident. McClain also said that Wallace had been at work all night on June 26, 2001, when the crime allegedly occurred, and only came home at about 7:30 or 8:00 a.m., and drank coffee with McClain at that time.
After hearing all of the witnesses, the jury convicted Wallace as charged. Subsequently, the state filed a habitual sexual offender bill against Wallace charging him as a third sexual felony offender. After a hearing where evidence of Wallace's prior convictions was introduced, and upon finding Wallace to be a third sexual felony offender, the court sentenced Wallace under La. R.S. 15:537(B) to serve life imprisonment at hard labor without benefits. The court subsequently granted Wallace's motion to correct an illegal sentence on the grounds that both of Wallace's prior convictions were obtained by guilty plea on the same day. As Wallace asked in his motion to correct an illegal sentence, the court then found Wallace to be a second felony habitual offender. As noted, the court sentenced Wallace to serve 14 years' imprisonment at hard labor without benefits. Wallace now appeals, urging two assignments of error.

Discussion
Assignment of Error 1. It was error to admit evidence of appellant's conviction record under the guise of La. C.E. arts. 404 and 412.2.
In presenting this argument, Wallace argues that the intent of the alleged perpetrator of this crime was not at issue in this case. Therefore, the use of other *559 crimes evidence to prove intent was improper.
La. C.E. art. 404 provides, in part:
B. Other crimes, wrongs, or acts. (1) Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.
La. C.E. art. 412.2 provides:
A. When an accused is charged with a crime involving sexually assaultive behavior, or with acts that constitute a sex offense involving a victim who was under the age of seventeen at the time of the offense, evidence of the accused's commission of another crime, wrong, or act involving sexually assaultive behavior or acts which indicate a lustful disposition toward children may be admissible and may be considered for its bearing on any matter to which it is relevant subject to the balancing test provided in Article 403.
B. In a case in which the state intends to offer evidence under the provisions of this Article, the prosecution shall, upon request of the accused, provide reasonable notice in advance of trial of the nature of any such evidence it intends to introduce at trial for such purposes.
C. This Article shall not be construed to limit the admission or consideration of evidence under any other rule.
Indecent behavior with a juvenile is defined in La. R.S. 14:81 in part as:
A. Indecent behavior with juveniles is the commission of any of the following acts with the intention of arousing or gratifying the sexual desires of either person:
(1) Any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons. Lack of knowledge of the child's age shall not be a defense. . . .
Like molestation of a juvenile, indecent behavior with a juvenile is a specific intent crime where the state must prove the offender's intent to arouse or gratify his sexual desires by his actions with a child.[1] See State v. Jackson, 625 So.2d 146 (La.1993).
The defendant in Jackson, supra, was charged with molesting his juvenile granddaughters. The state sought to introduce evidence of previous molestation through the testimony of the defendant's three adult daughters. The Louisiana Supreme Court ruled the evidence admissible on the grounds that the crime of molestation of a juvenile was a specific intent crime which required the state to prove that defendant had the intention of arousing or gratifying either the sexual desire of himself or the victims. Citing State v. Cupit, 189 La. 509, 179 So. 837, 839 (1938), the court "recognized the principle that *560 where the element of intent is regarded as an essential ingredient of the crime charged, it is proper to admit proof of similar but disconnected crime to show the intent with which the act charged was committed." The court stated that the other crimes evidence was "useful in proving that the defendant did not act innocently, and [would] negate any defense that he acted without intent or that the acts were accidental." 625 So.2d at 150.
Wallace's intent to gratify his sexual desires by his conduct with H.Y., an eight-year-old child, was an important element of the state's case. We disagree with Wallace's contention that such intent was not at issue. The inference exists that such actions involving genitalia reported by a child could have been misunderstood by the child or accidental so that there was no specific intent to commit the crime. Thus, Wallace's very similar prior conduct with a female child of a similar age was highly probative of the requisite intent for the crime. Also, in this case, the probative value of the evidence strongly outweighs the prejudicial effect because Wallace offered an alibi defense to the crime that tended to cast doubt on H.Y.'s entire story. This assignment of error is without merit.
Assignment of Error 2. Assigned as error are all errors patent.
Defendant's final assignment was a request for this court to review the record for errors patent. This request is unnecessary since such a review is made automatically in all criminal cases. State v. Bryant, 29,344 (La.App. 2d Cir.5/7/97), 694 So.2d 556.
Because the underlying statutes of conviction, La. R.S. 14:81(C) and La. R.S. 15:529.1(A)(1)(a), allow for parole eligibility, and La. R.S. 15:529.1(G) requires imposition of sentence without benefit of probation or suspension of sentence, the trial court erred in imposing the sentence without benefit of parole. See State ex rel. Roland v. State, 06-0244 (La.9/15/06), 937 So.2d 846. Thus, Wallace's sentence is amended to delete the parole prohibition with the restrictions imposed by Chapter 3-A of Title 15.

Decree
For the foregoing reasons, Wallace's conviction is affirmed. His sentence is amended to delete the parole prohibition, and, as amended, affirmed.
CONVICTION AFFIRMED; SENTENCE AMENDED AND, AS AMENDED, AFFIRMED.
NOTES
[1] This offense is contrasted with aggravated rape, a general intent crime. See State v. Morgan, 99-1895 (La.6/29/01), 791 So.2d 100; State v. Kennedy, XXXX-XXXX (La.4/3/01), 803 So.2d 916. See also Footnote 1 in State v. Zornes, 34,070 (La.App. 2d Cir.4/3/02), 814 So.2d 113, writ denied, 02-1280 (La.11/27/02), 831 So.2d 269.